**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Lee HILL, Defendant-Appellant.**

**No. 76–2188.**

United States Court of Appeals, Ninth Circuit.

Nov. 4, 1976.

Thomas Kleinschmidt, Asst. Federal Public Defender (argued), Phoenix, Ariz., for defendant-appellant.

Michael B. Scott, Asst. U., S. Atty. (argued), Phoenix, Ariz., for plaintiff-appellee.

Before GOODWIN and WALLACE, Circuit Judges, and INGRAM,\* District Judge.

PER CURIAM.

Robert Lee Hill appeals from a judgment of conviction of a violation of 18 U.S.C. § 2113(a), bank robbery. We affirm the judgment of the Trial Court.

Following a reported bank robbery wherein the perpetrator told a bank teller that he had a gun, demanded money, and lifting his shirt displayed to the teller what appeared to be a gun, police officers, summoned by radio call, arrived in the vicinity of the bank. One of the officers arrived at a location approximately 500 feet from the bank and while examining a parked auto observed Appellant Hill walking nearby. The officer, who did not suspect the Appellant of being the robber, requested that the latter stop. The officer's purpose was to inquire of Appellant as to whether he had seen anyone running through the area who matched the robber's description. The officer testified that while conversing with the Appellant he noticed a large bulge at Appellant's waistband which he suspected of being caused by a weapon. The officer raised Appellant's shirt which was hanging outside his trousers, thus exposing his

\* Honorable William A. Ingram, United States District Judge, Northern District of California, sitting by designation.

waistband and revealing four to six rolls of currency stuffed therein.

Appellant challenges the legality of the search contending:

1. That the officer had insufficient reason to believe that Appellant constituted a danger to him;

2. That the lifting of the shirt was overly intrusive; and

3. That there was insufficient evidence to establish the existence of a bulge at Appellant's waistband.

We reject each of Appellant's contentions.

If the officer as a reasonably prudent person under all the circumstances then existing would be warranted in the belief that his safety and that of others was in danger, then the limited weapons search is justified. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1967). We think that the facts of this case reasonably support the officer's belief that his own safety and that of others was in danger. The incident in question occurred within 500 feet of the scene of an armed bank robbery and within a short period of time of its commission. The officer testified as to the existence of the bulge in Appellant's clothing which was consistent with the presence of a weapon. Although Appellant's clothing did not match the description of that worn by the robber we are of opinion that all the circumstances amply justify the officer's concern for his own safety and justify a weapons search. Any armed person at such a time and place and in such physical and time proximity to an armed bank robbery could reasonably be suspected of being an actual or immediately potential danger. Appellant relies upon *U. S. v. Coates,* 161 U.S.App.D.C. 334, 495 F.2d 160 (1974) and *U. S. v. Sipes,* 132 F.Supp. 537 (E.D.Tenn. 1955) as being factually similar to the case at bar and supportive of Appellant's position. We do not find them to be so. *Coates, supra,* does not concern a situation where the investigating officer suspected that the person under investigation was armed and the facts were not sufficiently

developed to allow the reviewing Court to evaluate the justification of the intrusion there in issue. *Sipes, supra,* did not involve a weapons search at all or the suspicion of the presence of a weapon with the consequent compromise of safety, and is not apposite.

We find that the lifting by the officer of Appellant's shirt was not, under the circumstances, overly intrusive. *Terry, supra,* confines a self-protective search for weapons to an intrusion reasonably designed to discover instruments of assault. It precludes general exploratory searches. In the instant case the officer's investigation was wholly confined to the area of the bulge in question and was a direct and specific inquiry. As such it did not transcend the permissible bounds established by *Terry.* Appellant relies on *Sibron v. N. Y.,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1967) and *U. S. v. Hostetter,* 295 F.Supp. 1312 (D.C.Del.1969), both of which involve pocket searches, as analogous to the case at bar. In *Sibron* there were no facts leading to the reasonable suspicion that defendant was armed, and in *Hostetter* the Court found that any intrusion was invalid because of the absence of any reasonable grounds for a weapon search. These cases do not aid Appellant's position.

Finally, *Terry* does not in terms limit a weapons search to a so-called "pat down" search. Any limited intrusion designed to discover guns, knives, clubs or other instruments of assault are permissible. The raising of the shirt in the instant case is well within the boundaries established by *Terry.*

Appellant argues that there is insufficient evidence to sustain the existence of any perceptible bulge at his waistband at the time of apprehension. This contention is based upon an in-Court demonstration of Appellant's person clothed similarly to the manner of Appellant's dress at the time in issue, and with his waistband encumbered. It is contended that under these circumstances no bulge at all was apparent. Suffice it to say that the Trial Judge viewed

the demonstration and heard the testimony of two police officers who said they each observed a bulge on the day and at the time of Appellant's arrest. We are unwilling to substitute our judgment for that of the Trial Judge in these circumstances.

The judgment is affirmed.