92 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Antonio Solano CAMACHO, Defendant-Appellant.
 No. 95-30313.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 9, 1996.
Decided July 25, 1996.
 
 Before: REAVLEY,* REINHARDT, WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The defendant raises numerous challenges to the district court's pre-trial, trial, and sentencing rulings. We conclude that the defendant's claims are without merit and therefore affirm defendant's conviction and sentence.
 
 
 3
 The events in question began when two police officers went to the Bali Hai Motel to investigate a report that a maid had found a large sum of money under a guest's bed. The room in question and the adjacent room were registered under the same name. The officers were knocking on the door of the room where the money was found when Camacho emerged from the adjacent room.
 
 
 4
 The officers asked Camacho a series of questions as he stood in the doorway to his hotel room, and he readily answered. Camacho told the officers that the money was his and that it came from selling a truck. Since he could not recall the purchaser's name, Camacho turned to re-enter his hotel room, at the officers' request, to look for a paper with the name on it. As Camacho turned, the officers spotted a bulge under his coat, and patted him down to see if it was a weapon. The officers found instead a block of cocaine and proceeded to arrest Camacho.
 
 Camacho's Motion to Suppress
 
 5
 The district judge denied Camacho's motion to suppress the cocaine. Camacho offers three different reasons for why the district court erred. We consider and reject each in turn.
 
 
 6
 First, Camacho claims that since he was in his hotel room he could not, under Payton v. New York, 445 U.S. 573 (1980), be arrested without a warrant, absent exigent circumstances. We conclude that Camacho's warrantless arrest was permissible because by opening the door to his motel room, Camacho "exposed himself in a public place." United States v. Vaneaton, 49 F.3d 1423, 1427 (9th Cir.1995).
 
 
 7
 Second, Camacho concludes that the officers were not justified in doing a Terry frisk, and alternatively, that the officers went beyond a protective pat down and conducted a full search. We disagree. The officers were standing at most a few feet away from Camacho when they spotted a bulge under his jacket. Since they thought that Camacho might have a weapon tucked in his waist, the officers were entitled to frisk him in order to ensure their own safety. United States v. Hill, 545 F.2d 1191, 1193 (9th Cir.1976). Although officers cannot conduct a full body search as part of a protective pat down, they are permitted to continue their search if, as they did here, they discover contraband that is plain to the sight or touch. Minnesota v. Dickerson, 508 U.S. 366, 375 (1993).
 
 
 8
 Third, Camacho claims that he was unlawfully seized at the time he was detained in the doorway of his motel room and that the drugs should therefore be suppressed as fruits of an illegal arrest. Applying the factors listed in Morgan v. Woessner, 997 F.2d 1244 (9th Cir.1993), cert. dismissed, Searle v. Morgan, 114 S.Ct. 671 (1994), we conclude that Camacho was not seized. Rather, we determine that he consented to answer the police's questions and thus that his Fourth Amendment rights were not violated.
 
 Evidence from the civil forfeiture hearing
 
 9
 Relying on United States v. Cretacci, 62 F.3d 307 (9th Cir.1995), cert. denied, 1996 WL 80044, Camacho argues that the district judge erred in permitting the state--in his criminal trial--to introduce his claim from the forfeiture proceeding that he owned the money discovered in the motel room. The state argues that its use of Camacho's claim of ownership was permissible because the claim was used to impeach Camacho, not as direct evidence. We agree. Cf. United States v. Beltran-Gutierrez, 19 F.3d 1287 (9th Cir.1994).
 
 The overt act requirement
 
 10
 Camacho argues that the district court erred in omitting the overt act requirement from the conspiracy instructions even though the indictment charged an overt act. We need not decide whether United States v. Shabini, 115 S.Ct. 382 (1994), extends to cases in which an overt act is charged in the indictment. Even if the government were required to prove an overt act here, its failure to do so would be harmless because the jury convicted Camacho of another count, which included the identical overt act as the one charged in the conspiracy count. See United States v. Gaudin, 115 S.Ct. 2310 (1995).
 
 Sentencing Issues
 
 11
 Finally, we affirm Camacho's sentence. We conclude that there was sufficient evidence to support the two-level sentencing enhancement as an organizer or leader and also that the evidence was neither materially false nor unreliable. Similarly, we conclude that there was adequate evidence in the record to justify the judge's decision, after his independent review of the record, to deny Camacho's request for a downward departure based on his minor role in the offense and to enhance his sentence by two levels for obstruction of justice.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable Thomas M. Reavley, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3