518 S.E.2d 396

STATE of West Virginia, Appellee,

v.

MATTHEW DAVID S., Appellant.

No. 25802.

Supreme Court of Appeals of
West Virginia.

Submitted May 5, 1999.

Decided July 12, 1999.

Darrell V. McGraw, Jr., Esq., Attorney General, Allen H. Loughry, II, Esq., Assistant Attorney General, Charleston, West Virginia, Attorneys for Appellee.

Charles B. Rogers, Esq., Public Defender Corporation, Parkersburg, West Virginia, Attorney for Appellant.

PER CURIAM:

This case is before the Court upon the appeal of the juvenile[1] Appellant, Matthew David S.,[2] from the June 15, 1998, order of the Circuit Court of Jackson County, wherein the Appellant entered a conditional admission[3] to the offense of possession of the controlled substance, marijuana. The condition of the admission was that the Appellant retained the right to appeal the lower court's ruling that the marijuana was admissible in evidence, because it was obtained as a result of a lawful patdown search. The Appellant was placed on probation for a period of one year.[4] Based upon a review of the record, the parties' briefs, and all other matters submitted before this Court, we conclude that the lower court did not err in failing to grant the Appellant's motion to suppress. Therefore, we affirm.

1. The Appellant was fifteen years old at the time he was taken into custody.

2. Consistent with our practice in cases concerning juveniles, we use only the initial of the juvenile's last name. *See Benjamin R. v. Orkin Exterminating Co., Inc.*, 182 W.Va. 615, 390 S.E.2d 814 n. 1 (1990) (citing *In re Jonathan P.*, 182 W.Va. 302, 303, 387 S.E.2d 537, 538 n. 1 (1989)); *State v. Murray*, 180 W.Va. 41, 44, 375 S.E.2d 405, 408 n. 1 (1988).

3. *See* W. Va. R.Crim. P. 11(a)(2) ("With the approval of the court and the consent of the state, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.")

4. Prior to the conditional admission, the circuit court had granted a one-year pre-adjudicatory improvement period based upon the Appellant's motion. The Appellant's improvement period was revoked when the Appellant failed to remain a full-time student as required by the terms and conditions on the improvement period.

Subsequent to being placed on probation, the Appellant's probation was revoked when the

## I. FACTS

Officer Thomas M. Speece of the Ravenswood Police Department in Ravenswood, West Virginia, testified that on February 11, 1997, in response to several calls in the preceding weeks concerning individuals standing outside on the parking lot of Ravenswood High School and smoking, he was patrolling that area. The officer stated that he noticed the Appellant with a cigarette in his hand and approached him. The officer testified that when the Appellant spotted his cruiser, he threw the cigarette down. The officer then asked the Appellant several questions, including his age and whether he had any more cigarettes in his possession. The Appellant responded to the officer's questions stating that he was fifteen years old and that he did not have any more cigarettes in his possession. The Appellant was not placed into custody or told by the officer that he was being charged with a misdemeanor offense.[5]

According to Officer Speece, "at that time for my safety, as well as the other—the other people's offices of the surrounding areas, I decided to pat the defendant down." The officer further stated, however, that other

State established that the Appellant violated the terms and conditions of his probation by once again possessing and using a controlled substance. The circuit court committed the Appellant to the custody of the West Virginia Department of Military Affairs and Public Safety for a period of six months.

5. The officer witnessed the Appellant violate West Virginia Code § 16–9A–3 (1998). That section provides:

No person under the age of eighteen years shall have on or about his or her person or premises for use any cigarette, cigarette paper or any other paper prepared, manufactured or made for the purpose of smoking any tobacco products, in any form; or, any pipe, snuff, chewing tobacco or tobacco product. Any person violating the provisions of this section is punishable by a fine of five dollars . . . .

*Id.* West Virginia Code § 16–9A–3 was amended in 1998; however, the amendments do not affect the outcome of this case. Additionally, the Appellant could have also possibly violated West Virginia Code § 16–9A–4 (1998), pertaining to the use of tobacco products in certain areas of public schools. Violation of this provision is also a misdemeanor offense with a punishment similar to that found in § 16–9A–3.

than the Appellant being "nervous" as he approached him, there was nothing about the Appellant that made the officer believe that the juvenile could be a danger to the officer or to others. The officer also stated the Appellant was not under arrest at the time of the patdown search. Finally, the officer testified to the following results of the patdown search:

> I believe that once I patted him around the front of his waist—I can't recall if I actually noticed it then or actually when I lifted up his shirt, but when I went to lift up his shirt there was a small baggy of marijuana, or what I believed to be marijuana sticking out from the waistband of his pants.

Based upon the officer's testimony, the circuit court made the following ruling:

> Well, I would that we lived in an age where it was incredible for a child to be armed. And where a Court would be shocked at the suggestion that a child might be armed or something like that. I don't think that there was any evidence here that this child might be armed, but I think that an officer today in many instances, and if not all, is justified where when you see a juvenile committing a misdemeanor offense, throw away a cigarette, and if there's a crowd of people like this, I think the officer is justified in making a pat down search even to the extent of raising the lad's, or young man's t-shirt there to see if he was carrying anything in his waistband.

> That's going to be the rule of the Court. That this was not unduly intrusive, and that it was justified. . . .

## II. ISSUE

■ The only issue is whether the marijuana evidence taken from the Appellant should have been suppressed by the lower court as the product of an unreasonable search and seizure under Section 6 of Article III of the West Virginia Constitution [6] and the Fourth Amendment to the United States Constitution.[7] The Appellant argues that an officer, who witnesses a juvenile committing the status offense of smoking a cigarette, does not have an unlimited right to patdown the juvenile and then lift up his shirt, without other circumstances which would lead the officer to believe that the juvenile posed some danger to the officer or others. In contrast, the State argues that the circuit court did not commit clear error in denying the Appellant's motion to suppress evidence gained through a lawful patdown search of the Appellant for weapons.

■ In syllabus points one and two of *State v. Lacy*, 196 W.Va. 104, 468 S.E.2d 719 (1996), this Court set forth the following standard of review to be used in review issues raised concerning motions to suppress:

> When reviewing a ruling on a motion to suppress, an appellate court should construe all facts in the light most favorable to the State, as it was the prevailing party below. Because of the highly fact-specific nature of a motion to suppress, particular deference is given to the findings of the circuit court because it had the opportunity to observe the witnesses and to hear testimony on the issues. Therefore, the circuit court's factual findings are reviewed for clear error.

> In contrast to a review of the circuit court's factual findings, the ultimate determination as to whether a search or seizure was reasonable under the Fourth Amend-

---

**6.** Article III, § 6 of the West Virginia Constitution provides:

> The rights of the citizens to be secure in their houses, persons, papers and effects, against unreasonable searches and seizures, shall not be violated. No warrant shall issue except upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, or the person or thing to be seized.

W.Va. Const. art. III, § 6.

**7.** The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

ment to the United States Constitution and Section 6 of Article III of the West Virginia Constitution is a question of law that is reviewed *de novo*. Similarly, an appellate court reviews *de novo* whether a search warrant was too broad. Thus, a circuit court's denial of a motion to suppress evidence will be affirmed unless it is unsupported by substantial evidence, based on an erroneous interpretation of the law, or, based on the entire record, it is clear that a mistake has been made.

 With regard to warrantless patdown searches conducted pursuant to an investigatory stop, this Court has stated the following:

'Where a police officer making a lawful investigatory stop has reason to believe that an individual is armed and dangerous, that officer, in order to protect himself and others, may conduct a search for concealed weapons, regardless of whether he has probable cause to arrest the individual for a crime. *The officer need not be certain that the individual is armed; the inquiry is whether a reasonably prudent man would be warranted in the belief that his safety or that of others was endangered.* U.S. Const. amend. IV. W.Va. Const. art. III, § 6.' Syl. Pt. 3, *State v. Choat*, 178 W.Va. 607, 363 S.E.2d 493 (1987).

Syl. Pt. 1, *State v. Rahman*, 199 W.Va. 144, 483 S.E.2d 273 (1996)(Emphasis added).

It is clear that the officer, at a minimum, was making a lawful investigatory stop based upon probable cause, insomuch as he observed the Appellant committing a misdemeanor. The only evidence that the officer articulated which gave him "reason to believe" that the Appellant was armed and dangerous was that the Appellant appeared "nervous" as the officer approached him.[8] *See Rahman*, 199 W.Va. at 147, 483 S.E.2d at 276, Syl. Pt. 1. "[I]n determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or 'hunch,' but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience." *Terry v.*

*Ohio*, 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). While the lower court commented that "I don't think that there was any evidence here that this child might be armed[,]" the lower court still upheld the patdown search of the Appellant stating that "I think that an officer today in many instances, and if not all, is justified where when you see a juvenile committing a misdemeanor offense, throw away a cigarette, and if there's a crowd of people like this, I think the officer is justified. . . ." Viewing the evidence in the light most favorable to the State, and giving particular deference to the findings of the trial court, we conclude that the officer was warranted in conducting a patdown search of the Appellant for weapons under the circumstances. *See* Syl. Pt. 1, *Lacy*, 196 W.Va. at 107, 468 S.E.2d at 722.

 We now, however, must examine whether the police officer properly seized the bag of marijuana pursuant to the patdown search conducted as a result of a lawful investigatory stop. The United States Supreme Court has held that the police may seize nonthreatening contraband detected through the sense of touch found as a result of a lawful patdown search performed pursuant to a lawful investigatory stop. *See Minnesota v. Dickerson*, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). Specifically, the United States Supreme Court held in *Dickerson* that:

If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.

*Id.* at 375–76, 113 S.Ct. 2130.

While it is clear that when the officer saw the bag of marijuana, he immediately recognized it as contraband, the officer's testimony was unclear as to whether the contraband became "immediately apparent" when he

---

**8.** The officer also testified that, generally speaking, juveniles tend to be nervous when ap- proached by him, because he was a law enforcement officer.

conducted the patdown search or whether the contraband was not observed until he asked the Appellant to lift his shirt. *See id.* If the officer had simply testified that he felt what he thought was contraband during the patdown search then, unquestionably, under *Dickerson,* the marijuana was properly seized. *See id.*

Because the officer's testimony was not definitive in how he came upon the marijuana, we must address whether the officer's raising of the Appellant's shirt violated the Appellant's Fourth Amendment rights and the parameters of *Terry. See* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. In *United States v. Edmonds,* 948 F.Supp. 562 (E.D.Va.1996), *aff'd,* 149 F.3d 1171 (4th Cir.), *cert. denied,* —— U.S. ——, 119 S.Ct. 257, 142 L.Ed.2d 212 (1998), a police officer noticed the defendant around a red Toyota behind a parking building. The officer had been patrolling the area, which was known to have an increase in automobile thefts. The defendant became aware of the officer's cruiser and began to walk away from the Toyota. The defendant walked slowly away from the vehicle at first, but when it became apparent to him that the officer was driving toward him, his gait rapidly increased. The officer, believing that he had encountered an auto larceny in progress, stopped his vehicle and confronted the defendant. 948 F.Supp. at 563. The officer asked the defendant, who was wearing a large loose-fitting T-shirt, what was happening. The officer also asked the defendant for identification. The officer inquired of the defendant as to whether he possessed any weapons or drugs. The defendant responded no. The officer next asked the defendant to lift up his shirt. The defendant questioned why and grew visibly nervous and anxious. The officer ultimately drew his weapon and reached over and lifted the defendant's shirt, where he immediately observed a semi-automatic weapon. *Id.* at 564.

Based upon this search of the defendant, the United States District Court addressed whether the officer's request that the appellant lift his shirt was permissible. *Id.* at 565. The district court upheld the search, stating:

> *Terry* and its progeny do not limit a weapons search incident to a stop to a pat-down or frisk. To the contrary, the Fourth Amendment permits non-intrusive, reasonable means other than a frisk where, as here, the other means are necessary in the circumstances to ensure that the suspect is not armed. This proposition is supported by settled authority involving facts strikingly similar to those at bar. For example, in *United States v. Baker,* 78 F.3d 135 (4th Cir.1996), a police officer's request to raise the suspect's shirt to check for a concealed weapon was held 'less intrusive than the pat-down frisk sanctioned in *Terry.*' *Id.* at 138. Similarly, the Ninth Circuit, in *United States v. Hill,* 545 F.2d 1191 (9th Cir.1976), found that a police officer's lifting of defendant's shirt 'did not transcend the permissible bounds established by *Terry.*' *Id.* at 1193.

*Edmonds,* 948 F.Supp. at 566.

In the present case, we have concluded that the officer conducted a lawful patdown search pursuant to an investigatory stop. The seizure of the marijuana was clearly permissible, because the officer's conduct under all the circumstances present in lifting the Appellant's shirt was simply another non-intrusive means which was "necessary in the circumstances to ensure that the suspect . . . [was] not armed." *See id.* Consequently, the lower court did not err in upholding the search and seizure of the Appellant. *See* Syl. Pt. 2, *Lacy,* 196 W.Va. at 107, 468 S.E.2d at 722.

Based on the foregoing, the lower court's decision is hereby affirmed.

Affirmed.