**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2671
_____

UNITED STATES OF AMERICA

v.

RUSSELL TETER,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 3-21-cr-00105-001)
District Judge: Honorable Robert D. Mariani
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 20, 2024

Before:  RESTREPO, McKEE, and SMITH *Circuit Judges*


(Opinion filed: December 18, 2024)

_____

OPINION[*]
_____

McKEE, *Circuit Judge*.

---

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Russell Teter filed a motion to suppress drugs seized during a traffic stop. After the District Court denied his motion, he entered a conditional guilty plea to possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). In doing so, he preserved his right to challenge the District Court's denial of his suppression motion. He now appeals that denial of his motion to suppress.[1] We will affirm.[2]

In *Terry v. Ohio*, the Supreme Court explained that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest."[3] "The Court recognized in *Terry* that the policeman making a reasonable

---

[1] Teter also challenges his classification as a career offender under USSG § 4B1.1 and application of an enhanced mandatory minimum sentence under 21 U.S.C. § 851. He raises these challenges for "issue preservation only." Opening Br. 19 (emphasis omitted). Teter cannot succeed on either challenge. In order to qualify as a career offender, Teter needed "at least two prior felony convictions of . . . a controlled substance offense." USSG § 4B1.1(a). Teter argues that the career offender enhancement should not apply. He contends that his prior Pennsylvania state convictions for possession with intent to deliver methamphetamine do not meet the definition of a "controlled substance offense" under USSG § 4B1.2(b) because the Pennsylvania statute defines methamphetamine more broadly than the federal Controlled Substances Act. As Teter concedes, however, his challenge to the career offender enhancement is foreclosed because "a 'controlled substance' within the § 4B1.2(b) definition of 'controlled substance offense' is one regulated by *either* federal or state law." *United States v. Lewis*, 58 F.4th 764, 769 (3d Cir. 2023). Teter's challenge to the enhanced mandatory minimum is also foreclosed because he failed to develop the issue in the argument section of his brief. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (holding that appellants "forfeited" claims "because they fail[ed] to develop either argument in their opening brief").

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. "This Court reviews the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercises plenary review of the District Court's application of the law to those facts." *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

[3] 392 U.S. 1, 22 (1968).

2

investigatory stop should not be denied the opportunity to protect himself from attack by a hostile suspect."[4] Accordingly, when an officer "has reason to believe that [s/]he is dealing with an armed and dangerous individual," s/he may engage in a protective search.[5] "The sole justification of the search in the present situation is the protection of the police officer and others nearby, and it must therefore be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer."[6] Only a search that is "reasonably related in scope" to this purpose will not exceed the limits of the Fourth Amendment.[7]

While *Terry* recognized the constitutionality of a pat-down protective search, it did not hold that a pat-down was the only permissible method of conducting a protective search.[8] Rather, the Court recognized that "the[] limitations [of a protective search] w[ould] have to be developed in the concrete factual circumstances of individual cases."[9]

Several years later, in *Adams*, the Supreme Court held that an officer's reaching into an individual's waistband to search for a gun, without first conducting a pat-down, did not exceed the limits of the Fourth Amendment.[10] Since *Adams*, several courts of

---

[4] *Adams v. Williams*, 407 U.S. 143, 146 (1972).
[5] *Terry*, 392 U.S. at 27.
[6] *Id.* at 29.
[7] *Id.* at 28–29.
[8] *Id.* at 29 (declining to "develop at length in this case . . . the limitations which the Fourth Amendment places upon a protective seizure and search for weapons").
[9] *Id.*
[10] *Adams*, 407 U.S. at 148.

appeals have recognized that a pat-down is not the sole constitutional method of conducting a protective search.[11]

Here, the protective search was reasonably limited in scope. Similar to *Adams*, the detective only searched the area where he suspected that Teter had a weapon. The detective made the reasonable decision to protect himself by grabbing the object in Teter's sweatshirt based on his prior experience, as well as Teter's possession of a knife, and the fact that Teter refused to comply with instructions to get out of the car and then reached towards the bulge in his sweatshirt. This limited search was reasonably related to its protective purpose and did not violate the Fourth Amendment.

For the foregoing reasons, we will affirm the District Court's Judgment and Conviction Order.

---

[11] *See United States v. Baker*, 78 F.3d 135, 138 (4th Cir. 1996); *United States v. Hill*, 545 F.2d 1191, 1193 (9th Cir. 1976); *United States v. Reyes*, 349 F.3d 219, 225 (5th Cir. 2003); *see also United States v. Aquino*, 674 F.3d 918, 926 (8th Cir. 2012) ("There are situations where concern for an officer's safety may justify by-passing a pat down during an investigatory detention."); *United States v. Casado*, 303 F.3d 440, 448 (2d Cir. 2002) ("We do not exclude the possibility that in some circumstances a patdown is not required.").