**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Thomas Stanko MARKS,**
**Defendant–Appellee.**

**No. 03–30464.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 2004.

Filed Aug. 23, 2004.

Joseph H. Harrington, Assistant United States Attorney, Spokane, WA, for the appellant.

Stephen R. Hormel, Federal Defenders of Eastern Washington and Idaho, Spokane, WA, for the appellee.

Before: B. FLETCHER, HAMILTON,* and BERZON, Circuit Judges.

BETTY B. FLETCHER, Circuit Judge:

The government appeals the dismissal with prejudice of an indictment charging

* The Honorable Clyde H. Hamilton, Senior United States Circuit Judge for the Fourth Circuit, sitting by designation.

Thomas Stanko Marks with possession of firearms and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). The district court held that Marks' predicate state conviction was unconstitutional, because he received ineffective assistance of counsel due to his attorney's actual conflict of interest in jointly representing both defendants. Since Washington law forbids the use of an unconstitutional conviction as a predicate for subsequent criminal prosecutions, the court dismissed the indictment, citing 18 U.S.C. § 921(a)(20), which provides that state law determines what constitutes a conviction for the purposes of § 922(g)(1). This court has jurisdiction under 28 U.S.C. § 1291. We conclude that, regardless of any alleged constitutional defect in Marks' Washington conviction, his felony conviction qualifies as a predicate conviction for the purposes of § 922(g)(1). We therefore reverse the decision of the district court.

■ We review de novo a district court's decision to dismiss an indictment based on an interpretation of a federal statute. *United States v. Boren,* 278 F.3d 911, 913 (9th Cir.2002). We also review de novo a district court's interpretation of state law. *Feldman v. Allstate Ins. Co.,* 322 F.3d 660, 665(9th Cir.), *cert. denied,* —— U.S. ——, 124 S.Ct. 222, 157 L.Ed.2d 137 (2003).

## BACKGROUND

### A. State Court Proceedings

■ In 1999, Thomas Marks was convicted of second-degree assault, a felony under Washington state law, and sentenced to six months in jail and a fine of just over three thousand dollars.[1] *See* WASH. REV. CODE §§ 9A.36.021(2), 9A.20.021(1)(b) (providing that second-degree assault is a Class B felony punishable by imprisonment for not more than ten years, or by a fine of not more than twenty thousand dollars, or both). His conviction was confirmed on appeal, *State v. Marks,* 114 Wash.App. 1001, 2002 WL 31320631 (2002), and the Washington State Supreme Court denied review. 149 Wash.2d 1020, 72 P.3d 761 (2003). The government claims, and Marks concedes, that this conviction has never been expunged, vacated, or set aside, nor have Marks' civil rights been restored.

### B. Federal Court Proceedings

In 2002, Thomas Marks was indicted by a grand jury in the Eastern District of Washington on three firearms-related charges under 18 U.S.C. §§ 922(g)(1) and 924. All three counts alleged that he was a prior convicted felon in possession of firearms or ammunition. After new counsel was appointed, Marks moved to dismiss the indictment, arguing that his state felony conviction was constitutionally invalid and therefore could not be considered a predicate conviction under §§ 921(a)(20) and 922(g)(1). The district court determined that the issue for decision was whether Marks' second degree assault conviction in Washington was a qualifying conviction under Washington law. It then concluded that Marks' second-degree assault conviction was unconstitutional because his counsel had an actual conflict of interest, in that his joint representation of both co-defendants prejudiced Marks' de-

---

1. Thomas Marks was also convicted of harassment for threatening Deputy Hause, but this crime is not a felony for the purposes of § 922(g)(1). *See* WASH. REV. CODE §§ 9A.46.020(2), 9A.20.010(2) (providing that harassment is a gross misdemeanor punishable by a fine of not more than one thousand dollars, or imprisonment in a county jail for not more than ninety days, or both). Steve Marks was convicted of third-degree assault, a Class C felony. *State v. Marks,* 114 Wash. App. 1001, 2002 WL 31320631 (2002) at *2; WASH. REV. CODE § 9A.36.031(2).

fense. Therefore, the conviction did not qualify as a predicate conviction under state law. The district court dismissed the indictment with prejudice. The United States filed a timely notice of appeal.

## DISCUSSION

■■ The federal firearms statute provides, in relevant part:

It shall be unlawful for any person ... who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). Under the Firearm Owners' Protection Act of 1986 (FOPA), the determination of whether someone has in fact been convicted of a crime punishable by more than a year in prison is governed by the law of the jurisdiction in which the criminal proceeding took place (the "choice-of-law clause"). 18 U.S.C. § 921(a)(20). In addition, § 921(a)(20) provides:

Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms [the "exemption clause"].[2]

It is well-established that the federal firearms statute "prohibits a felon from possessing a firearm despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds." *Lewis v. United States*, 445 U.S. 55, 65, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980) (construing 18 U.S.C. § 1202(a)(1), a predecessor to the current § 922(g)(1)).[3] *See also United States v. Dorsch*, 363 F.3d 784, 787 (8th Cir.2004) (affirming applicability of *Lewis* to current § 922(g)(1)); *accord United States v. Snyder*, 235 F.3d 42, 52–53 (1st Cir.2000), *cert. denied*, 532 U.S. 1057, 121 S.Ct. 2205, 149 L.Ed.2d 1034 (2001); *United States v. Emerson*, 270 F.3d 203, 213 (5th Cir.2001), *cert. denied*, 536 U.S. 907, 122 S.Ct. 2362, 153 L.Ed.2d 184 (2002). The *Lewis* majority rejected the petitioner's challenge to the use of his uncounseled state felony conviction as the basis for the federal prosecution, concluding that "[t]he statutory language is sweeping, and its plain meaning is that *the fact of a felony* conviction imposes a firearm disability [enforceable by a criminal sanction] until the conviction is vacated or the felon is relieved of his disability by some affirmative action." 445 U.S. at 60–61, 100 S.Ct. 915 (emphasis added). Under § 921(a)(20), it is state law that determines whether there is a qualifying predicate felony conviction.

■ Although there is no universally-applicable definition of "conviction" in Washington law, it appears that the core element is either a jury's or judge's finding of guilt, or a court's acceptance of a guilty plea. *See* WASH. REV. CODE

---

2. As noted above, Marks' state conviction for second-degree assault was still outstanding at the time of his indictment for possession of weapons and ammunition. The exemption clause of § 921(a)(20) is thus not directly applicable to this case, but is of some assistance in ascertaining the intended effect of the FOPA provision.

3. The majority in *Lewis* also stated that "with regard to the statutory question at issue [in the case], we detect little significant difference between Title IV and Title VII," the titles containing §§ 922(g)(1) and (h)(1), and 1202(a)(1) respectively. 445 U.S. at 64, 100 S.Ct. 915. All three sections are now encompassed in the current version of § 922(g)(1).

§ 9.94A.030(11) (For the purposes of the Sentencing Reform Act of 1981, " '[c]onviction' means an adjudication of guilt pursuant to [the applicable rules of criminal procedure] and includes a verdict of guilty, a finding of guilty, and acceptance of a plea of guilty."); WASH. REV. CODE § 9A.46.100 ("As used in [the statutes criminalizing various types of harassment], a person has been 'convicted' at such time as a plea of guilty has been accepted or a verdict of guilty has been filed, notwithstanding the pendency of any future proceedings including but not limited to sentencing, posttrial motions, and appeals."); WASH. REV. CODE § 9.41.040(3) ("[A]s used in [the unlawful possession of firearms statute], a person has been 'convicted' ... at such time as a plea of guilty has been accepted, or a verdict of guilty has been filed, notwithstanding the pendency of any future proceedings including but not limited to sentencing or disposition, post-trial or post-factfinding motions, and appeals. Conviction includes a dismissal entered after a period of probation, suspension or deferral of sentence, and also includes equivalent dispositions by courts in jurisdictions other than Washington state."). Under this standard, it is clear that when the jury rendered a guilty verdict, Marks was convicted of second-degree assault under Washington law.

The Washington State Supreme Court has applied a judicial gloss to the definition of conviction in the statute prohibiting unlawful possession of a firearm by, *inter alia*, those "convicted ... of any serious offense." WASH. REV. CODE § 9.41.040(1)(a). Despite the lack of any overt reference to the validity of prior convictions in the statutory text, the court held in *State v. Swindell* that "[t]he existence of a constitutionally valid conviction for a 'crime of violence' is an element the State must prove beyond a reasonable doubt under RCW 9.41.040." 93 Wash.2d 192, 197, 607 P.2d 852 (1980) (citing also

*State v. Holsworth*, 93 Wash.2d 148, 159, 607 P.2d 845 (1980), where it held that the state must prove the existence of a constitutionally valid conviction as an element of a habitual criminal charge). The court reaffirmed this holding in *State v. Gore*, 101 Wash.2d 481, 485, 681 P.2d 227 (1984), where it explicitly rejected the reasoning of the majority opinion in *Lewis*. Anchoring its analysis on the conclusion that the Washington statute's language was ambiguous, the court applied the rule of lenity, construed the statute in favor of the accused, and upheld the requirement that the state prove a constitutionally-valid predicate conviction. *Id.* at 485–86, 681 P.2d 227. Although it was clear that the court disapproved of the *Lewis* Court's reasoning, it is equally clear that its holding was based on its construction of the Washington firearms statute, not federal law:

We therefore interpret RCW 9.41.040 as requiring a constitutionally valid predicate conviction.... In failing to follow directly controlling authority of this court, the Court of Appeals erred. *Swindell* is based on a state statute, and *Lewis* is based on a federal statute. While the Supreme Court's interpretation of a similar federal statute is persuasive authority, it is not controlling in our interpretation of a state statute.

*Id.* at 486, 487, 681 P.2d 227.

While this line of state cases means that Marks may challenge the constitutional validity of his felony conviction in a subsequent criminal prosecution in Washington state, *see State v. Summers*, 120 Wash.2d 801, 812, 846 P.2d 490 (1993), it neither alters nor extinguishes Marks' conviction of second-degree assault. Under *Lewis* and its progeny, it is the fact of a felony conviction, with no intervening vacatur or other affirmative official action by the state to nullify the conviction, that

triggers the firearms disability. *See Lewis*, 445 U.S. at 60, 100 S.Ct. 915. As was the case in *Lewis*, Marks' state felony conviction remains outstanding. Although § 921(a)(20) does direct federal courts to look to state law to determine whether there is a qualifying predicate conviction, this requirement has been satisfied in this case by the jury's verdict of guilty of the charge of assault in the second degree, a crime punishable by a maximum of ten years' imprisonment, a twenty thousand dollar fine, or both. *See* WASH. REV. CODE §§ 9A.36.021(2), 9A.20.021(1)(b).

Marks does not contest that he was convicted upon the jury's verdict of guilt in October 2000. Instead, his arguments are focused on whether that conviction may be used as a valid predicate conviction in criminal proceedings in Washington state. These arguments, like the district court's decision, are based on a misinterpretation of § 921(a)(20)'s choice-of-law clause. Marks is correct that an unconstitutional conviction cannot be used as a predicate for a subsequent criminal prosecution in Washington. For the purposes of federal prosecutions under § 922(g)(1), however, that aspect of state law is irrelevant. The focus of the inquiry under §§ 921(a)(20) and 922(g)(1) is whether someone has been convicted of a felony under state law, not whether that conviction is constitutionally valid, nor whether it may be used as a predicate conviction for subsequent state prosecutions.

This conclusion is buttressed by cases construing the text and legislative history of § 921(a)(20). In a case challenging the use of allegedly unconstitutional convictions to enhance the penalty for possession of a firearm by a felon under 18 U.S.C. § 924(e), the Supreme Court construed § 921(a)(20) as follows:

> At least for prior violent felonies, § 921(a)(20) describes the circumstances in which a prior conviction may be counted for sentencing purposes under § 924(e).... The provision that a court may not count a conviction "which has been ... set aside" creates a clear negative implication that courts *may* count a conviction that has *not* been set aside.

*Custis v. United States*, 511 U.S. 485, 491, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (second alteration and emphasis in original); *see id.* at 492, 114 S.Ct. 1732(analogizing to *Lewis'* § 1202(a)(1) holding, and noting that "[s]imilarly, § 924(e) lacks any indication that Congress intended to permit collateral attacks on prior convictions used for sentence enhancement purposes").[4] *See also Beecham v. United States*, 511 U.S. 368, 371, 114 S.Ct. 1669, 128 L.Ed.2d 383 (1994) ("Section 922(g) imposes a disability on people who 'ha[ve] been convicted.' The choice-of-law clause [of § 921(a)(20) ] defines the rule for determining 'what constitutes a conviction.' ... The exemption clause ... is thus just one step in determining whether something should 'be considered a conviction.' "); *cf. United States v. Kahoe*, 134 F.3d 1230, 1233–34 (4th Cir.1998) ("The plain language of § 921(a)(20) means that a conviction that has been set aside can no longer be disabling. The language does not provide that such a conviction was not disabling between the time it was obtained and the time it was set aside.... Neither the amended language of § 921(a)(20) nor the

---

4. *Custis* held that with the sole exception of convictions obtained in violation of the right to counsel—that is, absent the "unique constitutional defect" posed by the "failure to appoint counsel for an indigent defendant"— there is no right under § 924(e) to attack the constitutional validity of previous state convictions during the sentencing proceeding. 511 U.S. at 496, 114 S.Ct. 1732; *accord Daniels v. United States*, 532 U.S. 374, 376, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) (extending *Custis* to post-sentencing § 2255 proceedings).

legislative history of the amendment counsels a result contrary to that set forth in *Lewis,* and we determine that *Lewis* is controlling."); *United States v. Thompson,* 117 F.3d 1033, 1034 (7th Cir.1997) (holding that prior Indiana felony was "conviction" for purposes of defendant's § 922(g)(1) prosecution, and noting that "although state law determines whether there is a predicate state-law conviction, once the conviction is established, federal law dictates that the convicted felon may not possess any firearm.")

■ Like the substantive criminal statutes to which it applies, § 921(a)(20) contains no explicit requirement that the convictions be constitutionally valid, or even that they be eligible for use as predicate convictions in subsequent state criminal proceedings, before they may be considered qualifying state convictions. Once the fact of felony conviction has been established according to state law, federal law governs prosecutions under § 922(g)(1), and *Lewis* controls.

Thus, even if Marks received constitutionally-ineffective assistance of counsel during his state criminal proceedings—an issue that we neither reach nor resolve—his state felony conviction may still be counted as a predicate conviction in a federal prosecution for violation of § 922(g)(1). The district court's dismissal of the indictment is reversed.

**REVERSED AND REMANDED.**