# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellant,*

  v.

PETER SANTOS MURILLO,
  *Defendant-Appellee.*

No. 04-30508

D.C. No.
CR-04-02074-EFS

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted
August 5, 2005—Seattle, Washington

Filed September 9, 2005

Before: David R. Thompson, Thomas G. Nelson, and
Kim McLane Wardlaw, Circuit Judges.

Opinion by Judge Thompson

12835

## COUNSEL

K. Jill Bolton, Assistant United States Attorney, Yakima, Washington, for the plaintiff-appellant.

Rebecca L. Pennell, Yakima, Washington, for the defendant-appellee.

## OPINION

THOMPSON, Circuit Judge:

In this appeal we conclude that, notwithstanding the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), in determining whether a Washington state criminal conviction is of a crime punishable by a term exceeding one year for purposes of prosecution under 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), the maximum sentence for the prior conviction is defined by the state criminal statute, not the maximum sentence in the particular case set by Washington's sentencing guidelines.

## BACKGROUND

Peter Santos Murillo pled guilty in 1998 in Washington state court to one count of harassment in violation of R.C.W. § 9A.46.020(2)(b), and one count of unlawful possession of a firearm in the second degree in violation of R.C.W. § 9.41.040(2)(b). Each crime is considered a class C felony punishable by a term of imprisonment up to five years. R.C.W. § 9A.20.021(1)(c). Under Washington's sentencing guidelines, based on Murillo's "Seriousness Level" of III and

his "Offender Score" of 2 for his harassment conviction and 3 for his unlawful firearm possession conviction, Murillo's actual maximum possible term of imprisonment was 12 months. R.C.W. §§ 9.94A.510, 9.94A.515. Murillo was sentenced to a term of 10 months' imprisonment on each count, to run concurrently.

In 2004, Murillo was indicted in federal court and charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The indictment was premised on Murillo's two underlying Washington state convictions. Relying on *Blakely*, Murillo argued the indictment should be dismissed because he had not been convicted of any crimes for which he could have been punished by a term exceeding one year. He claimed that even though the statutory maximum for his convictions was five years, because no aggravating facts had been pleaded or proved against him, under Washington's sentencing guidelines he was only punishable by a term of up to 12 months. The district court agreed, held that his two state convictions were not for crimes punishable by a term exceeding one year, and dismissed the indictment against him. We have jurisdiction under 18 U.S.C. § 3731, and we reverse.

## DISCUSSION

Title 18 U.S.C. § 922(g)(1) makes it unlawful for any person "who has been convicted in any court of [ ] a crime punishable by imprisonment for a term exceeding one year" from possessing firearms that have been shipped or transported in interstate or foreign commerce. Murillo's two predicate offenses do not fall within section 922(g)(1)'s exceptions (certain business practice violations and state misdemeanors), *see* 18 U.S.C. § 921(a)(20), and his guilty pleas constitute convictions, *see United States v. Marks*, 379 F.3d 1114, 1117-18 (9th Cir. 2004), *cert. denied*, ___ U.S. ___, 125 S. Ct. 1355 (2005). Thus, the issue is whether his convictions were of crimes *punishable* by a term exceeding one year.

**[1]** We repeatedly held prior to the Supreme Court's *Blakely* decision that in determining whether a state conviction is punishable for more than one year's imprisonment for purposes of a federal criminal statute predicated on a prior felony conviction or for federal sentencing purposes, we look to the maximum penalty allowed by statute. In *United States v. Horodoner*, 993 F.2d 191 (9th Cir. 1993), we held a defendant's prior California state conviction was of a crime punishable by more than one year's imprisonment and thus served as a predicate offense for purposes of 18 U.S.C. § 922(g)(1) because the maximum statutory sentence was a term of four years, even though the defendant had been sentenced to 365 days' imprisonment. *Id.* at 194. In *United States v. Rios-Beltran*, 361 F.3d 1204 (9th Cir. 2004), we held for purposes of federal sentencing enhancement that a defendant's prior Oregon state conviction was of an aggravated felony, or a crime "punishable by more than one year's imprisonment under applicable state or federal law," because the maximum statutory sentence was a term of five years, even though under the Oregon sentencing guidelines the defendant's actual maximum possible term of imprisonment was 90 days. *Id.* at 1207 (internal quotation marks and citation omitted). We stated:

> The actual sentence imposed on an individual for a prior conviction, or the actual sentence that potentially could have been imposed based upon the particular facts of that person's case, is not the relevant inquiry. We look to the maximum penalty allowed by law in determining whether a prior conviction constitutes an aggravated felony under state law for purposes of [U.S.S.G.] § 2L1.2.

*Id.* at 1208.

Murillo argues *Blakely* changed all this. He claims that following *Blakely*, the maximum sentence a court may impose for a crime is defined by the maximum term that may be imposed based solely on the facts established by a guilty ver-

dict. If no aggravating factors are pleaded and proved, then the maximum sentence must be considered the maximum of the range in the state's sentencing guideline grid, not the maximum set by the state's applicable criminal statute.

**[2]** Recently, we were presented with an argument similar to the one Murillo makes, but we did not decide the issue. *See United States v. Moreno-Hernandez*, ___ F.3d ___, 2005 WL 1560269, at *8 (9th Cir. July 5, 2005) ("We express no opinion on how section 2L1.2 would apply in a case where the statutory maximum for a prior conviction was greater than one year, but the maximum actual sentence that could lawfully be imposed at the time of the conviction was less than one year.") (emphasis omitted). Here, we hold that *Blakely* did not change the definition of what constitutes a maximum sentence under state law for purposes of prosecution under 18 U.S.C. § 922(g)(1): the maximum sentence is the statutory maximum sentence for the offense, not the maximum sentence available in the particular case under the sentencing guidelines.

In *Blakely*, a state trial court sentenced the defendant to a term of imprisonment based on the trial judge's findings that were neither admitted by the defendant nor found by the jury. The sentence the court imposed exceeded the maximum allowed by the state sentencing guidelines (for the facts found by the jury), but was within the maximum sentence defined by the criminal statute the defendant had violated. The Court held that the court's sentence violated the defendant's Sixth Amendment right to trial by jury. *Blakely*, 124 S. Ct. at 2537-38. The Court concluded that "the 'statutory maximum' *for* Apprendi *purposes* is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.* at 2537 (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)) (emphasis added and removed). The Court's subsequent decision in *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 752

(2005), which applied the reasoning in *Blakely* to the Federal Sentencing Guidelines, did not change this result.

After the Court's decision in *Blakely*, we have assumed, without addressing *Blakely*, that the pre-*Blakely* maximum sentence definition for section 922(g)(1) prosecution purposes remained correct. In *Marks*, 379 F.3d 1114 (2004), decided less than two months after *Blakely*, we held that a Washington state conviction could be counted as a predicate offense for purposes of prosecution under 18 U.S.C. § 922(g)(1) regardless of whether the conviction was constitutionally invalid as a result of the defendant receiving ineffective assistance of counsel, so long as the conviction had not been expunged, vacated, or set aside. *Marks*, 379 F.3d at 1118-19. In so holding, we assumed that the defendant's state conviction, punishable under the applicable state statute for up to ten years' imprisonment, constituted a conviction punishable for more than one year, even though the defendant had been sentenced to only six months' imprisonment. While never addressing *Blakely*, we stated:

> Although § 921(a)(20) does direct federal courts to look to state law to determine whether there is a qualifying predicate conviction, this requirement has been satisfied in this case by the jury's verdict of guilty of the charge of assault in the second degree, a crime punishable by a maximum of ten years' imprisonment, a twenty thousand dollar fine, or both.

*Id.* at 1119.

Here, addressing *Blakely* directly, we confirm our assumption in *Marks*. Murillo's argument has nothing to do with *Apprendi* or *Blakely*. While *Apprendi*, and correspondingly *Blakely*, involved the "maximum sentence" a judge may impose based on the jury's verdict or the defendant's admissions, Murillo attempts to extend *Apprendi* and *Blakely* to modify a crime's *potential* punishment — punishment that

makes the crime a predicate offense under 18 U.S.C. § 922(g)(1). The categorization of predicate offenses for purposes of section 922(g)(1) faces none of the Sixth Amendment concerns that prompted the *Apprendi* and *Blakely* decisions, and thus those cases have no bearing on the question whether the indictment against Murillo in the present case for being a felon in possession of a firearm violated his Sixth Amendment rights.

For the foregoing reasons, we hold the maximum sentence that makes a prior conviction under state law a predicate offense under 18 U.S.C. § 922(g)(1) remains, after *Blakely*, the potential maximum sentence defined by the applicable state criminal statute, not the maximum sentence which could have been imposed against the particular defendant for his commission of that crime according to the state's sentencing guidelines. We therefore reverse the district court's dismissal of the indictment charging Murillo with a violation of 18 U.S.C. § 922(g)(1).

**REVERSED**.