**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Robert R. DEARINGER, Defendant—Appellant.**

No. 04–30530.

D.C. No. CR–04–00361–MJP.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2005.*

Decided Oct. 19, 2005.

Fed. R.App. P. 34(a)(2).

Tessa M. Gorman, USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff—Appellee.

Michael Filipovic, FPDWA—Federal Public Defender's Office, Western District of Washington, Seattle, WA, for Defendant—Appellant.

Before CUDAHY,** T.G. NELSON, and MCKEOWN, Circuit Judges.

MEMORANDUM***

Robert R. Dearinger appeals his sentence of 100 months in prison following his plea of guilty to bank robbery in violation of 18 U.S.C. § 2113(a).

---

** The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

Dearinger argues that the district court committed nonconstitutional error by sentencing him under the mandatory United States Sentencing Guidelines ("U.S.S.G.") in violation of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 756–57, 160 L.Ed.2d 621 (2005). Because Dearinger preserved the *Booker* error, we review for harmless error. *See United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir.2002). Under the harmless error standard, the government failed to meet its burden to establish that "it is more probable than not that the error did not materially affect the verdict." *See id.* Although the district court departed downward from the Guidelines range, the record is insufficiently clear to conduct a complete harmless error analysis. *Cf. United States v. Ameline*, 409 F.3d 1073, 1074–75 (9th Cir.2005) (en banc). Therefore, we will apply the limited remand procedure approved in *Ameline*.

Dearinger also appeals the district court's finding that his prior convictions are predicate offenses under U.S.S.G. § 4B1.1. The argument that his prior convictions are not for crimes punishable for a term exceeding one year is foreclosed under *United States v. Murillo*, 422 F.3d 1152, 1155 (9th Cir.2005). In *Murillo*, we held that "the maximum sentence that makes a prior conviction under state law a predicate offense under 18 U.S.C. § 922(g)(1) remains, after *Blakely*, the potential maximum sentence defined by the applicable state criminal statute, not the maximum sentence which could have been imposed against the particular defendant for his commission of that crime according to the state's sentencing guidelines." *Id.* The *Murillo* analysis controls the interpre-

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tation of predicate offenses under U.S.S.G. § 4B1.1, as well. The statutory maximums for Dearinger's prior convictions well exceeded one year. Accordingly, the district court did not err in finding that Dearinger's prior convictions are predicate offenses under U.S.S.G. § 4B1.1.

The career offender finding is AFFIRMED, and the sentencing decision is REMANDED for limited reconsideration consistent with *Ameline.* In fulfilling this mandate, the district court may hold such hearings and enter such orders as it determines to be necessary, including, without limitation, modifying or vacating its previous sentence.