**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Chad MACKENSTADT, Defendant— Appellant.**

**No. 05–30606.**

**D.C. No. CR–99–00053–DWM.**

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.[*]

Decided March 17, 2006.

Kris A. McLean, Office of the U.S. Attorney, Missoula, MT, for Plaintiff—Appellee.

John P. Rhodes, Federal Defenders of Montana, Missoula, MT, for Defendant— Appellant.

Before CANBY, BEEZER and KOZINSKI, Circuit Judges.

MEMORANDUM[**]

Chad Mackenstadt appeals from the 12–month sentence the district court imposed upon revocation of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Mackenstadt contends that the 12–month term of incarceration imposed exceeds the term permitted by the statutory maximum sentence for his underlying offense under *United States v. Booker*, 543

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). He argues that *Booker* requires that offenses must be classified under 18 U.S.C. § 3559(a) using the maximum term allowed by the United States Sentencing Guidelines, rather than the maximum term authorized by the statute describing the offense. We reject Mackenstadt's contention. *See* 18 U.S.C. § 3559(b) (stating that "the maximum term of imprisonment is the term authorized by the law describing the offense"); *see also United States v. Murillo*, 422 F.3d 1152, 1154 (9th Cir.2005) (rejecting an attempt to extend *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), to modify a crime's *potential* punishment for purposes of determining whether the crime qualifies as a predicate offense under 18 U.S.C. § 922(g)(1)).

**AFFIRMED.**