**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Robert R. DEARINGER, Defendant— Appellant.**

**No. 04–30530.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2005.*

Decided May 1, 2006.

Tessa M. Gorman, Esq., USSE—Office of The U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Michael Filipovic, Esq., FPDWA—Federal Public Defender's Office, Western District of Washington, Seattle, WA, for Defendant–Appellant.

Before: CUDAHY,** T.G. NELSON, and MCKEOWN, Circuit Judges.

## AMENDED MEMORANDUM ***

Robert R. Dearinger appeals his sentence of 100 months in prison following a plea of guilty to bank robbery in violation of 18 U.S.C. § 2113(a).

Dearinger argues that the district court committed nonconstitutional error by sentencing him under the mandatory United States Sentencing Guidelines ("U.S.S.G.") in violation of *United States v. Booker*, 543 U.S. 220, 245–46, 268, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because Dearinger preserved his *Booker* claim, we review for harmless error, *see United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir.2002), and we conclude that the government failed to meet its burden to establish that "it is more probable than not that the error did not materially affect the verdict." *See id.* at 1215. Accordingly, we reverse

the district court's sentence and remand for resentencing. *Id.* (under harmless error review, " 'we must reverse ... unless it is more probable than not' that the error was harmless.") (citations omitted).

Dearinger also appeals the district court's finding that his prior convictions are predicate offenses under the career offender provisions of U.S.S.G. § 4B1.1. The status of a prior conviction as a predicate felony for purposes of federal sentencing is determined by reference to the statutory maximum sentence. *United States v. Murillo*, 422 F.3d 1152 (9th Cir.2005). In *Murillo*, we held that "the maximum sentence that makes a prior conviction under state law a predicate offense under 18 U.S.C. § 922(g)(1) remains, after *Blakely*, the potential maximum sentence defined by the applicable state criminal statute, not the maximum sentence which could have been imposed against the particular defendant for his commission of that crime according to the state's sentencing guidelines." *Id.* at 1154. The *Murillo* analysis applies to the interpretation of predicate offenses under U.S.S.G. § 4B1.1 as well. The statutory maximum sentences for Dearinger's prior convictions well exceeded one year. Accordingly, the district court did not err in finding that Dearinger's prior convictions are predicate offenses under U.S.S.G. § 4B1.1.

The career offender finding is AFFIRMED, and the sentencing decision is REVERSED and the case is REMANDED for resentencing. In fulfilling this mandate, the district court may hold such

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

hearings and enter such orders as it determines to be necessary.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.