**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Eugene Leonard HENDERSON,**
**Defendant—Appellant.**

No. 05–30450.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2006.*

Decided June 15, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gregory A. Gruber, Esq., Office of the U.S. Attorney, Tacoma, WA, for Plaintiff—Appellee.

Colin Fieman, Esq., Federal Public Defender's Office, Tacoma, WA, for Defendant—Appellant.

Before: BEEZER, TALLMAN, and BYBEE, Circuit Judges.

### MEMORANDUM **

Eugene Henderson appeals the district court's denial of his motion to suppress evidence seized pursuant to a search warrant and its denial of his motion to dismiss the Indictment. Henderson pleaded guilty on June 17, 2005, to one count of possession of ammunition by a prohibited person

in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291 to decide this appeal.

■ Henderson challenges the validity of a search warrant executed on his apartment which resulted in the seizure of 39 rounds of ammunition. While we review the denial of a motion to suppress de novo, *United States v. Vargas-Castillo,* 329 F.3d 715, 722 (9th Cir.2003), a magistrate judge's determination of probable cause before issuing a warrant cannot be reversed absent a finding of clear error. *United States v. Schmidt,* 947 F.2d 362, 371 (9th Cir.1991).

The police knew Henderson had a reputation for being a dealer of cocaine and marijuana. Based on a tip from a reliable confidential informant, the police began surveilling a white Sports Utility Vehicle ("SUV") parked at a location specified by the informant. They observed Henderson with a group of individuals, some of whom were engaged in what the police knew to be drug-related criminal activity. Shortly thereafter, the police found rock cocaine and eight bags of marijuana in a blue Chevrolet Suburban parked down the street from the SUV. The Suburban contained documents with Henderson's name, was identified as belonging to "Eugene," and was near where police observed Henderson.

This Court recognizes that "evidence is likely to be found where the [drug] dealers live." *United States v. Angulo-Lopez,* 791 F.2d 1394, 1399 (9th Cir.1986). A magistrate judge may "draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." *Id.* Under the totality of the circumstances, there was "a

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

reasonable nexus between the activities supporting probable cause and the locations to be searched." *United States v. Pitts*, 6 F.3d 1366, 1369 (9th Cir.1993) (quotation omitted); *see Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The district court properly denied Henderson's motion to suppress evidence.

█ Henderson further asserts that the district court improperly denied his motion to dismiss the Indictment. He argues that following *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the maximum statutory penalty in a mandatory state sentencing guideline system is the maximum applicable guideline range, and so his prior state convictions do not qualify as predicate offenses under 18 U.S.C. § 922(g)(1) because the maximum guideline sentence for both was under 12 months. This argument is foreclosed by our decision in *United States v. Murillo*, 422 F.3d 1152 (9th Cir.2005).

**AFFIRMED.**

BEEZER, Senior Circuit Judge, concurring.

I concur in the opinion of the court because I believe the officers acted in good faith in relying upon the search warrant. *See United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).