UNITED STATES of America,
Plaintiff—Appellee,

v.

Ismael GUTIERREZ–VALENCIA,
Defendant—Appellant.

No. 05–30352.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Aug. 24, 2006.

Jane M. Kirk, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Alex B. Hernandez, III, Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

Ismael Gutierrez–Valencia appeals from the 46–month sentence imposed following his guilty plea to being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gutierrez–Valencia contends that the district court erred by increasing his sentence pursuant to 8 U.S.C. § 1326(b)(2) based on judge-found facts that he did not admit and a jury did not find beyond a reasonable doubt. He further asserts that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), still requires facts to be submitted to a jury and proven beyond a reasonable doubt. He also contends that in light of subsequent Supreme Court decisions, *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has been overruled and that § 1326(b) is unconstitutional.

These contentions are foreclosed with respect to prior convictions. *See United States v. Velasquez–Reyes,* 427 F.3d 1227, 1229 (9th Cir.2005) (rejecting the contention that the government is required to plead prior convictions in the indictment and prove them beyond a reasonable doubt

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

to a jury unless the defendant admits the prior conviction in his guilty plea); *see also United States v. Beng–Salazar*, 452 F.3d 1088, 1091 (9th Cir.2006) (reaffirming the validity of *Almendarez–Torres* and rejecting a challenge to the constitutionality of § 1326(b)).

Gutierrez–Valencia also contends that following *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the maximum penalty in a mandatory state sentencing guideline system is the applicable maximum state guideline range, and so his prior state conviction does not qualify as a felony under the Guidelines because the maximum state guideline sentence was under 12 months. As Gutierrez–Valencia concedes, this contention is foreclosed by *United States v. Murillo*, 422 F.3d 1152, 1155 (9th Cir. 2005).

Gutierrez–Valencia further contends that his sentence is unreasonable because of the sentencing disparity between a non-fast-track jurisdiction and a fast-track jurisdiction. This contention is foreclosed by *United States v. Marcial–Santiago*, 447 F.3d 715, 719 (9th Cir.2006).

**AFFIRMED.**