**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Brett WARDEN, Defendant—Appellant.**

No. 04–30261.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Aug. 28, 2006.

Bernard F. Hubley, Esq., Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Michael Donahoe, Esq., Federal Defenders of Montana Helena Branch Office, Helena, MT, for Defendant–Appellant.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

### MEMORANDUM **

Brett Warden appeals from the sentence imposed upon revocation of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Warden failed to object to his sentence, we review for plain error. *See United States v. Garcia,* 323 F.3d 1161, 1165 (9th Cir.2003). We affirm.

Warden contends that the district court imposed an impermissible sentence upon revocation of his supervised release. Specifically, he contends under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the maximum possible punishment for his offense should have been the maximum under the Guidelines range in his particular case, rather than the sentence authorized under the statute of conviction. We disagree.

Contrary to Warden's contentions, *Blakely* does not affect the district court's consideration of the statutory maximum punishment a defendant is exposed to un-der his statute of conviction. *See United States v. Murillo,* 422 F.3d 1152, 1155 (9th Cir.2005) (noting that *Blakely* concerned the maximum sentence a judge may impose based on the jury's verdict or the defendant's guilty plea, but does not modify a crime's potential punishment).

Warden's contention that *Blakely* casts doubt on the district court's ability to find alleged supervised release violations without a jury and based on a preponderance of the evidence standard is foreclosed by *United States v. Huerta–Pimental,* 445 F.3d 1220, 1223–24 (9th Cir.2006) (holding that 18 U.S.C. § 3583 does not require constitutionally impermissible judicial fact finding).

We decline to address Warden's contention that he was not sentenced under 21 U.S.C. § 841(b)(1)(A) because he raised it for the first time in his reply brief. *See Dilley v. Gunn,* 64 F.3d 1365, 1367 (9th Cir.1995).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.