**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jesse Wade POWELL, Defendant–**
**Appellant.**

No. 05–30377.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 23, 2006.

Frank R. Papagni, Jr., Esq., USEU–Office of the U.S. Attorney, Eugene, OR, for Plaintiff–Appellee.

Mark Sabitt, Esq., Eugene, OR, for Defendant–Appellant.

Before: LEAVY, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Jesse Wade Powell appeals from the 180–month mandatory minimum sentence imposed under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e).

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Powell contends that two of his state convictions did not qualify as violent felonies under the ACCA. Specifically, he contends that under the relevant state sentencing guidelines, he could not have been imprisoned for more than one year.

We disagree. These state convictions qualify for the enhanced sentence under § 924(e) because the statutory maximum sentences are "term[s] exceeding one year." *See United States v. Murillo*, 422 F.3d 1152, 1154–55 (9th Cir.2005) (holding that a "crime punishable by imprisonment for a term exceeding one year," as such crimes are defined by statute, references the statutory maximum, not the guidelines maximum); *United States v. Moreno–Hernandez*, 419 F.3d 906, 914–15 (9th Cir. 2005) (holding that *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), did not retroactively alter the maximum sentence that could have been imposed at the time of the defendant's prior conviction).

Powell further contends that his Sixth Amendment rights were violated because the ACCA requires the jury to find prior convictions beyond a reasonable doubt, and the judge made findings based on the nature of his prior convictions. These contentions are foreclosed. *See Murillo*, 422 F.3d at 1155; *United States v. Smith*, 390 F.3d 661, 666–67 (9th Cir.2004) (noting that a district court determines no more than the fact of a prior conviction when examining a defendant's prior convictions for purposes of the § 924(e) enhancement).

To the extent Powell contends his sentence was unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

738, 160 L.Ed.2d 621 (2005), this contention is waived. *See United States v. Romm,* 455 F.3d 990, 997 (9th Cir.2006) (noting that arguments raised by a party for the first time in its reply brief are deemed waived).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the