**UNITED STATES of America,**
Plaintiff–Appellee,

v.

**Jason Samuel CONLEY, Defendant–Appellant.**

**No. 05–30583.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 2006.

Filed Dec. 1, 2006.

Frank R. Papagni, Jr., Esq., Office of the U.S. Attorney, Eugene, OR, for Plaintiff–Appellee.

Mark Bennett Weintraub, Esq., Federal Defender's Office Eugene Branch, Eugene, OR, for Jason Samuel Conley.

Before: GOODWIN, FISHER, and SMITH, Circuit Judges.

---

MEMORANDUM *

1. The district court did not err by denying in part Conley's motion to suppress the evidence seized from his home. For the reasons identified by the district court, the officers' warrantless entry was supported by probable cause and exigent circumstances, and the scope of the search did not exceed the exigencies justifying its initiation. *See Murdock v. Stout,* 54 F.3d 1437, 1442–43 (9th Cir.1995).

2. The district court did not err in determining that Conley was subject to prosecution under 18 U.S.C. § 922(g)(1), because he was previously convicted of crimes punishable, under Oregon statute, "by imprisonment for a term exceeding one year." *See United States v. Murillo,* 422 F.3d 1152, 1155 (9th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1928, 164 L.Ed.2d 677 (2006). Moreover, Conley's conviction for assault is a crime punishable by imprisonment for a term exceeding one year under the Oregon Sentencing Guidelines, entirely independent of the statutory maximum penalties prescribed by Oregon's criminal code. *See* Or. Admin. R. 213–008–0005(1)(c).

3. Because Conley's assault conviction is a crime punishable by imprisonment for more than a year under Oregon law, and because his robbery conviction is a crime punishable by imprisonment for more than a year under Washington law, each is a "crime of violence" for sentencing purposes and the district court did not err in calculating Conley's advisory sentencing range.

4. Contrary to Conley's Rule 28(j) letter, no remand is necessary to determine whether his assault conviction is a "crime of violence" in light of *Fernandez–*

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Ruiz v. Gonzales,* 466 F.3d 1121 (9th Cir. 2006) (en banc). The underlying documents of conviction reveal that Conley could not have been punished for mere reckless conduct. Accordingly, *Fernandez–Ruiz* does not apply.

**AFFIRMED.**