**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Abraham G. DIAZ, III, aka Abraham G. Diaz, II, Defendant–Appellant.**

**No. 06–30324.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 6, 2007.*

Filed Feb. 9, 2007.

James P. Hagarty, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Rebecca L. Pennell, Esq., Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

Before: FISHER and TALLMAN, Circuit Judges and MILLS, District Judge.**

MEMORANDUM ***

Defendant–Appellant Abraham Diaz appeals the district court's denial of his motion to suppress. Diaz argues that the

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

evidence discovered in the search of his car should have been suppressed as the fruit of an illegal search; that *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), should be abrogated; and that the district court should have dismissed the indictment because Diaz did not have a prior conviction for a crime punishable by more than one year. We affirm.

Officer Thatsana had reasonable suspicion to believe that Diaz might be armed and dangerous given Diaz's refusal to provide information relating to his identity in an apparent effort to conceal his involvement in possibly dangerous criminal activities. *See Terry v. Ohio,* 392 U.S. 1, 28, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *United States v. Hill,* 545 F.2d 1191, 1193 (9th Cir.1976). Under the totality of the circumstances, an officer in Thatsana's position who did not pat down Diaz for weapons could be taking substantial and unnecessary risks. *See United States v. Mattarolo,* 209 F.3d 1153, 1158 (9th Cir. 2000).

We reject Diaz's argument that *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860 (1981), should be abrogated. As we recently held, *Belton* remains good law and its holding authorizing a search of a vehicle based solely on the custodial arrest of an occupant may only be modified by the Supreme Court. *See United States v. Osife,* 398 F.3d 1143, 1147 (9th Cir.2005).

We also reject Diaz's argument that the district court should have dismissed the indictment because he did not have a prior conviction for a crime punishable by more than one year, as required by 18 U.S.C. § 922(g)(1). *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), did not change the definition of

what constitutes a maximum sentence under state law for purposes of prosecution under § 922(g)(1). *See United States v. Murillo,* 422 F.3d 1152, 1154 (9th Cir. 2005). Accordingly, the maximum sentence remains the statutory maximum, not the maximum sentence available in the particular case under the sentencing guidelines. *Id.*

**AFFIRMED.**