**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Titus BRIDE, Defendant—Appellant.**

No. 06–30247.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 2007.

Submission Vacated July 13, 2007.

Submitted Jan. 3, 2008.

Filed Jan. 7, 2008.

Gregory A. Gruber, Esq., Office of the U.S. Attorney, Tacoma, WA, Helen J. Brunner, Esq., Michael J. Lang, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Steven Witchley, Esq., Ellis Holmes & Witchley, PLLC, Seattle, WA, for Defendant–Appellant.

Appeal from the United States District Court for the Western District of Washington, Ronald B. Leighton, District Judge, Presiding. D.C. No. CR–04–05350–1–RBL.

Before: ALARCÓN, HAWKINS, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Following his guilty plea to a number of drug– and firearm-related offenses and his Rule 11(c)(1)(C) plea agreement sentence of nineteen years imprisonment, Titus Bride ("Bride") challenges the denial of his motions to substitute counsel and to withdraw his guilty plea, his two firearm-related convictions, and several aspects of the district court's sentencing procedure. Because there was no error in any of these respects, we affirm.

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

## I. Motions to Substitute Counsel and Withdraw Guilty Plea

■ After an evidentiary hearing—wherein both Bride and his attorney explained the apparent conflict created by the attorney's continued representation—the district court denied Bride's motion to substitute counsel. We review such denials for an abuse of discretion. *United States v. Musa,* 220 F.3d 1096, 1102 (9th Cir.2000). Bride argues that the district court abused its discretion by failing to conduct an adequate inquiry into his complaint. *See id.* We disagree. The evidentiary hearing transcript reveals that the hearing, while brief, provided the district court with a "sufficient basis for reaching an informed decision." *United States v. McClendon,* 782 F.2d 785, 789 (9th Cir. 1986); *cf. Musa,* 220 F.3d at 1102; *United States v. Torres–Rodriguez,* 930 F.2d 1375, 1381 (9th Cir.1991).

Moreover, the attorney's continuing representation did not prevent Bride from adequately presenting the argument he contends was made more difficult by his attorney's continued representation. *See Musa,* 220 F.3d at 1103. At the ex parte hearing, Bride articulately explained to the district court that he felt pressured into signing the plea agreement.[1] That the district court was ultimately unpersuaded does not mean that Bride was somehow prevented from adequately presenting this argument.

■ For similar reasons, the district court also did not abuse its discretion in denying Bride's motion to withdraw his guilty plea. *United States v. Davis,* 428 F.3d 802, 805 (9th Cir.2005). To the extent Bride contends he should have been

1. Bride's attorney also made this argument, both at the ex parte hearing and at the hearing regarding Bride's motion to withdraw his guilty plea.

allowed to withdraw his guilty plea because he was pressured into entering it (the only argument Bride sufficiently presents on appeal),[2] the district court heard ample information from Bride and his attorney—both at the ex parte hearing and at the sentencing hearing—regarding this subject, and employed a proper legal standard when denying Bride's request.[3]

## II. Counts 8 and 9

Bride argues that the court should reverse his two convictions for being a felon in possession of a firearm and ammunition because the facts he admitted in his plea agreement do not support these convictions. *See* Fed.R.Crim.P. 11(b)(3) (requiring a factual basis for a guilty plea). This argument is foreclosed by *United States v. Murillo*, 422 F.3d 1152, 1155 (9th Cir.2005) (under 18 U.S.C. § 922(g)(1), a crime is "punishable by imprisonment for a term exceeding one year" if the *statutory maximum*—not the state sentencing guidelines maximum—for that crime exceeds one year).

## III. Sentencing

Although we have jurisdiction to consider Bride's three sentencing-related arguments on appeal because they all allege imposition of his sentence "in violation of law," *see* 18 U.S.C. § 3742(a), we reject each of these arguments.

■ First, the court did not err in failing to resolve a number of disputed facts contained in Bride's pre-sentence report

("PSR"). Because the court was bound by the Rule 11(c)(1)(C) plea agreement to impose the nineteen-year sentence it imposed, the facts contained in the PSR remained relevant *only* insofar as they might affect the conditions under which Bride will serve his sentence. As this court recently held in *United States v. Saeteurn*, 504 F.3d 1175, 1180–81 (9th Cir.2007), district courts are permitted to—but not required to—resolve factual disputes relating only to a defendant's "service of sentence."

■ Second, the district court did not deprive Bride of his right of allocution. Assuming, without deciding, that a defendant being sentenced pursuant to a Rule 11(c)(1)(C) plea agreement retains some right of allocution, *see United States v. Mukai*, 26 F.3d 953, 956 (9th Cir.1994); *United States v. Mejia*, 953 F.2d 461, 468 (9th Cir.1991), the district court afforded Bride that right here by addressing him personally and permitting him to speak on his own behalf before his sentence was imposed. Fed.R.Crim.P. 32(i)(4)(A)(ii). The district judge's comments at the ex parte hearing that the court was *inclined* to accept the Rule 11(c)(1)(C) plea agreement and impose the binding sentence therein did not amount to a decision actually imposing that sentence. *Compare United States v. Mack*, 200 F.3d 653, 658 (9th Cir.2000). Rather, the sentencing transcript reveals that the district court "listen[ed] and [gave] careful and serious consideration" to Bride's allocution before making its final sentencing decision. *Id.*,

---

**2.** *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir.2005).

**3.** When the purported reason for withdrawal relates to the voluntariness of the plea at the time it was entered—as opposed to "newly discovered evidence, intervening circumstances, or any other reason ... that did not exist when the defendant entered his plea," *see United States v. Ortega–Ascanio*, 376 F.3d

879, 883 (9th Cir.2004)—the standard for permitting withdrawal is exactly the same as the standard for finding the plea invalid. *See United States v. Garcia*, 401 F.3d 1008, 1012 (9th Cir.2005). The district court thus did not err in using the "knowing and voluntary" standard when evaluating this purported reason for withdrawal.

quoted in *United States v. Gunning*, 401 F.3d 1145, 1147–48 (9th Cir.2005).[4]

Third, the district court did not sentence Bride before considering the factors listed in 18 U.S.C. § 3553(a). Again, Bride's sentence was not imposed until the end of the sentencing hearing, at which point the court considered the § 3553(a) factors before sentencing Bride to nineteen years imprisonment, as it was then required to do. *See Mukai*, 26 F.3d at 956. This sentence was not unreasonable.

**AFFIRMED.**

---

**4.** The district court expressly "afford[ed] everybody [including Bride] an opportunity to speak their peace with regard to the appropriate disposition" *after* accepting the Rule 11(c)(1)(C) plea agreement but *before* imposing sentence.

