**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10126 |
| Plaintiff - Appellant, | D. C. No. CR-06-00080 |
| v. | |
| HAENG HWA LEE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Guam
Dean D. Pregerson, Designated District Judge, Presiding

Argued and Submitted February 11, 2010
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON, and BEA, Circuit Judges.

Appellee Haeng Hwa Lee ("Lee"), a Korean national who originally entered

Guam under a tourist visa waiver program, was indicted for Fraud in Connection

with an Identification Document, in violation of 18 U.S.C. §§ 2 and 1028(a)(1),

and Conspiracy, in violation of 18 U.S.C. §§ 2 and 371, after obtaining a Guam

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

driver's license using a fictitious Individual Taxpayer Identification Number ("ITIN"). At Lee's pretrial conference, the district court dismissed the indictment against Lee, holding that a government agent only produces an identification document "without lawful authority" under § 1028(a)(1) if that agent was "paid off, so that [the agent does] not requir[e] the normal documents or know[s] that the normal documents are forged and . . . issue[s] a driver's license anyway." The government timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

"We review de novo a district court's decision to dismiss an indictment based on an interpretation of a federal statute." *United States v. Marks*, 379 F.3d 1114, 1116 (9th Cir. 2004).

18 U.S.C. § 2(b) provides that a person who "willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." In other words, a principal is guilty of an offense if she used "an innocent pawn to cause an act to be done which, if performed by the principal, would be unlawful." *United States v. Valencia*, 492 F.2d 1071, 1074 (9th Cir. 1974). The district court, without citing precedent, concluded that § 2(b) does not apply to prosecutions for identification fraud under § 1028(a)(1).

2

This conclusion was in error. As Lee concedes, it is irrelevant whether the government agent who actually produced Lee's license intended to commit identification fraud or was merely an innocent pawn. *See United States v. Rashwan*, 328 F.3d 160, 165 (4th Cir. 2003) ("[The defendant] aided and abetted the production of false identification documents by providing false information to the DMV with the specific intent that the agency would then produce a false identification document for him. Because [the defendant] specifically intended for the DMV to issue a fraudulent identification card and license, it does not matter whether the clerk who actually produced the license also had any intent to commit the crime.").

Lee argues that this court should affirm the district court on the alternate ground that the Guam Department of Revenue and Taxation does not have the lawful authority to require that driver's license applicants present an ITIN or Social Security Number. This argument fails. Lee is precluded from challenging the legality of the underlying requirement that she present an ITIN in order to receive a driver's license. *See, e.g.*, *Dennis v. United States*, 384 U.S. 855, 866 (1966) ("It is no defense to a charge based upon [fraud] that the statutory scheme sought to be evaded is somehow defective."). We therefore reverse the district court's dismissal of the indictment against Lee and remand for further proceedings.

**REVERSED and REMANDED**.

3