**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 09-5062**

———————————

UNITED STATES OF AMERICA,

  Plaintiff – Appellee,

  v.

MARTA ERWIN PERRY,

  Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, Chief District Judge. (5:09-cr-00106-FL-1)

———————————

Submitted: September 30, 2011    Decided: October 19, 2011

———————————

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Reversed and remanded by unpublished per curiam opinion.

———————————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Eric J. Brignac, Research and Writing Specialist, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, William M. Gilmore, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marta Erwin Perry pleaded guilty to possession of a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006), conditioned on his right to appeal the district court's denial of his motion to dismiss the indictment. The district court sentenced Perry to eighty-four months of imprisonment. This court affirmed his conviction on appeal in reliance upon our decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). See United States v. Perry, 384 F. App'x 249 (2010) (unpublished). We subsequently granted Perry's petition for rehearing, based upon the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010). Perry has now filed a motion to vacate his conviction based on this court's recent decision in United States v. Simmons, 2011 WL 3607266 (Aug. 17, 2011) (en banc). For the reasons that follow, we reverse Perry's conviction.

Perry's prior convictions consisted of Class I and Class H felonies under North Carolina law. Moreover, at the time of his convictions, Perry's prior record level was never above a level II. Under North Carolina law, the maximum term of imprisonment for a Class H felony with a record level of II is twelve months, and the maximum term for a Class I felony is ten months. See N.C. Gen. Stat. § 15A-1340.17(d) (2007).

2

Therefore, Perry could not have received a term of imprisonment exceeding twelve months for his prior convictions.

In <u>Simmons</u>, we determined that an offense is not punishable by a term exceeding one year of imprisonment if the defendant could not have actually received more than one year of imprisonment for that offense, based on his prior criminal history and other factors. As Perry could not have received a term exceeding one year of imprisonment for his prior offenses, he did not have a qualifying predicate offense for a conviction under § 922(g)(1). Therefore, Perry is innocent of the offense of conviction.

Accordingly, we reverse the judgment, deny Perry's motion to vacate as moot, and remand for further proceedings. The clerk is directed to issue the mandate forthwith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>REVERSED AND REMANDED</u>