**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30398 |
| Plaintiff - Appellee, | D.C. No. 4:02-cr-00057-SEH-1 |
| v. | |
| MELVIN JOSEPH LAST STAR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted December 6, 2013
Seattle, Washington

Before:  HAWKINS and TALLMAN, Circuit Judges, and WHYTE,[**] Senior District Judge.

Melvin Joseph Last Star ("Last Star") appeals the district court's revocation of

his supervised release for both possession of "sexually oriented" or "sexually

stimulating" videos and for failing to complete sex offender treatment as a result of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Ronald M. Whyte, Senior United States District Judge for the Northern District of California, sitting by designation.

possessing those videos. Last Star also challenges the court's imposition of a new condition of release that prohibits him from dating or socializing with any person having children under the age of eighteen. Because of recent legal decisions in this circuit that the district court did not have the benefit of at the time of the original sentencing, we reverse and remand.

Last Star did not waive his facial challenge to the initial conditions of supervised release, imposed immediately after his conviction, by failing to object to them on direct appeal, as our court has permitted defendants to bring such challenges during appeals of revocation. *See, e.g.*, *United States v. King*, 608 F.3d 1122, 1128 (9th Cir. 2010); *United States v. Antelope*, 395 F.3d 1128, 1131-32, 1141 (9th Cir. 2005). We therefore permit Last Star to challenge his initial Special Release Condition No. 4, which prohibited possession of "pornographic, sexually oriented, or sexually stimulating materials," as unconstitutionally vague. After Last Star's initial sentencing, this court determined in *Antelope* that an identical supervised release provision was unconstitutionally vague because it failed to afford sufficient notice of what conduct was prohibited. 395 F.3d at 1141-42. Applying *Antelope*, we conclude that initial Special Release Condition No. 4 is likewise unconstitutionally vague and

therefore cannot serve as a basis for revoking Last Star's supervised release. We therefore reverse the revocation of supervised release on this ground.[1]

Further, revocation of Last Star's supervised release under initial Special Release Condition No. 2, which required completion of sex offender treatment, also cannot stand. Although the district court may permissibly defer to a licensed treatment provider as to the particular treatment needs for a defendant and may require general compliance with the terms of conditions of such treatment program, *see United States v. Fellows*, 157 F.3d 1197, 1203-04 (9th Cir. 1998), in this case the sex offender treatment contract suffered from the same vagueness problem as initial Special Release Condition No. 4 in that it failed to give Last Star sufficient and specific notice of what type of materials he was prohibited from possessing, *see United States v. Sales*, 476 F.3d 732, 737 (9th Cir. 2007) (defendant "cannot be left to guess about the intended meaning of the terms of his supervised release").

Finally, under our precedent in *United States v. Wolf Child*, 699 F.3d 1082 (9th Cir. 2012), the district court abused its discretion by imposing a new condition of supervised release forbidding Last Star from "dat[ing] or socializ[ing] with anybody

---

[1] We note that the new condition of supervised release that prohibits possession of sexually explicit materials, imposed by the district court in 2012 (New Special Release Condition No. 9), further defined and narrowed the definition of impermissible materials by cross-reference to 18 U.S.C. § 2256(2), as approved by this court in *United States v. Rearden*, 349 F.3d 608, 619–20 (9th Cir. 2003).

3

who has children under the age of 18." As noted in *Wolf Child*, this provision is overbroad because nearly half the people in the United States would be on the "'do not associate' list," seriously impairing the defendant's ability to "develop friendships, maintain meaningful relationships with others, remain employed, or in any way lead a normal life [during supervised release]." *Id.* at 1100-01. Moreover, the remainder of the condition (to which Last Star does not object) already prohibits him from being in the residence or company of any child under eighteen without prior written approval of the probation office and also precludes him from going to or loitering near places frequented by children under eighteen; thus, the challenged portion of the condition only inhibits Last Star's interaction with other *adults*, and without sufficient justification.

For the foregoing reasons, we reverse the district court's revocation of supervised release and remand so that the court may revise New Special Release Condition No. 8.

**REVERSED AND REMANDED**.