**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

RYAN LARRY CATE,
*Defendant-Appellant.*

No. 19-30161

D.C. No.
2:14 cr-0005 RMP

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted May 5, 2020*
Seattle, Washington

Filed August 21, 2020

Before: A. Wallace Tashima, William A. Fletcher, and
Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge Tashima

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

## SUMMARY[**]

### Criminal Law

Affirming the district court's judgment and sentence on revocation of supervised release, the panel held that the validity of an underlying conviction cannot be challenged in a supervised release revocation proceeding; the underlying conviction can only be collaterally attacked in a proceeding under 28 U.S.C. § 2255.

The panel held that the district court therefore properly denied the defendant's motion to terminate his supervised release on the ground that a change in the law meant that the state offense underlying his felon-in-possession-of-a-firearm conviction was no longer a felony. The panel also held that the district court imposed a reasonable sentence, adequately considering the defendant's arguments and the requisite statutory factors.

### COUNSEL

Matthew Campbell, Federal Defenders of Eastern Washington & Idaho, Spokane, Washington, for Defendant-Appellant.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

William D. Hyslop, United States Attorney; Russell E. Smoot, Assistant United States Attorney; United States Attorney's Office, Spokane, Washington, for Plaintiff-Appellee.

## OPINION

TASHIMA, Circuit Judge:

Ryan Cate, convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), was charged with violating the conditions of his supervised release. He moved to terminate supervised release on the ground that a change in the law meant that his underlying state offense was no longer a felony. The district court denied the motion, found that Cate had violated his supervised release, and imposed a fifteen-month term of imprisonment.

For the reasons set forth below, we agree with the district court that the validity of an underlying conviction cannot be challenged in a supervised release revocation proceeding. We further conclude that the sentence imposed by the district court was reasonable and therefore affirm the judgment.

## BACKGROUND

Cate pled guilty in 2010 to third degree assault, in violation of Revised Code of Washington ("RCW") § 9A.36.031. The statutory maximum term of confinement for Cate's assault conviction was five years. RCW § 9A.20.021(1)(c). However,

> In addition to the statutory maximum provided for each offense, Washington law prescribes a "standard sentence range" based on the offender's "offender score" and the "seriousness level" of the offense . . . . The sentencing court may depart from the standard sentencing range only if, after consideration of certain statutorily enumerated considerations, the court finds "that there are substantial and compelling reasons justifying an exceptional sentence."

*United States v. McAdory*, 935 F.3d 838, 840–41 (9th Cir. 2019) (quoting RCW §§ 9.94A.505(2)(a)(i), 9.94A.510, 9.94A.535). Cate's standard sentence range, based on an offender score of zero and a seriousness level of III, was one to three months. Because Cate qualified as a first-time offender under RCW §§ 9.94A.030 and 9.94A.650, the court waived the standard sentence and imposed zero days of confinement.

In September 2014, Cate was convicted of being a felon in possession of a firearm under § 922(g), which requires a prior conviction of "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). The underlying felony conviction was his state assault conviction. He was sentenced to a term of eight months' imprisonment and three years of supervised release.

After serving his term of imprisonment, Cate began serving his term of supervised release on May 1, 2015. In July 2017, Cate was charged with violating two conditions of his supervision: (1) that he not commit another crime (by

being arrested for vehicular manslaughter on July 16, 2017), and (2) that he abstain from alcohol.

In January 2019, while the supervised release violation proceeding was still pending,[1] we addressed whether a Washington conviction was a felony for purposes of an enhancement under the United States Sentencing Guidelines. We held that the term "punishable by" referred to the sentence to which a defendant is actually exposed under Washington's sentencing scheme, rather than the general statutory maximum term. *United States v. Valencia-Mendoza*, 912 F.3d 1215, 1216, 1223–24 (9th Cir. 2019).

Relying on *Valencia-Mendoza*, Cate filed a motion to terminate his supervised release, arguing that he was innocent of the felon-in-possession charge because the actual maximum term of imprisonment for his underlying offense was only three months, which meant that the state offense was not a felony.

The district court denied Cate's motion, explaining that, although the court was bound by *Valencia-Mendoza*, the court could not simply declare Cate factually innocent. Instead, the court reasoned that the proper procedure would be for Cate to collaterally attack the validity of his sentence under 28 U.S.C. § 2255. Finding that there were no equities weighing in favor of terminating Cate's supervised release and that Cate had committed the two violations alleged in the petition, the district court imposed a sentence of fifteen months' imprisonment and twenty-one months of supervised

---

[1] Cate made his first appearance on the supervised release violation petition on March 28, 2019. The delay in adjudicating the petition apparently was caused by pending charges in state court.

release.  Cate timely appealed from the judgment entered July 12, 2019.

## STANDARD OF REVIEW

The district court's decision whether to grant a motion to terminate supervised release is reviewed for abuse of discretion.  *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).  A sentence imposed on revocation of supervised release is reviewed for reasonableness.  *United States v. Campbell*, 937 F.3d 1254, 1256 (9th Cir. 2019).  "When reviewing a sentence for reasonableness, we 'merely ask[] whether the trial court abused its discretion.'"  *United States v. Apodaca*, 641 F.3d 1077, 1079 (9th Cir. 2011) (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)).  This court "conduct[s] a two-step analysis when reviewing the reasonableness of a sentence:  'we first consider whether the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence.'"  *Id.* at 1080–81 (quoting *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc)).

## DISCUSSION

## I.   Denial of Motion to Terminate Supervised Release

At the time of Cate's felon-in-possession conviction, in order to determine whether an offense was "punishable by imprisonment for a term exceeding one year," as required by § 922(g)(1), the maximum term was "'the statutory maximum sentence for the offense, not the maximum sentence available in the particular case under the sentencing guidelines.'" *Valencia-Mendoza*, 912 F.3d at 1219 (quoting *United States v. Murillo*, 422 F.3d 1152, 1154 (9th Cir. 2005)).  However,

in light of more recent Supreme Court precedent requiring courts to consider the crime "as actually prosecuted and adjudicated," *Valencia-Mendoza* held that a conviction under Washington law carrying "a general statutory maximum term of imprisonment of five years," but an "*actual* maximum term" of only six months due to Washington's mandatory sentencing ranges, was no longer a felony for purposes of a sentencing enhancement. *Id.* at 1216, 1224.

In *McAdory*, we applied *Valencia-Mendoza* to hold that a defendant's convictions under Washington law were not felonies for purposes of § 922(g)(1). *McAdory*, 935 F.3d at 840. Similar to Cate, the statutory maxima for the defendant's offenses of conviction were five years and ten years, but his actual sentencing ranges were less than a year. *Id*. at 841. Cate thus relies on *McAdory* to argue that his Washington offense was not a felony for purposes of § 922(g)(1) because the sentence to which he actually was exposed was less than a year. Although this may be correct, the supervised release hearing was not the proper proceeding in which to challenge his underlying federal conviction.

In *United States v. Simmons*, 812 F.2d 561 (9th Cir. 1987), the defendant challenged the revocation of his probation, as well as the guilty plea that led to probation. Explaining that the underlying conviction "may be collaterally attacked only in a separate proceeding under 28 U.S.C. § 2255, and a court should consider the petition for probation revocation as if the underlying conviction was unquestioned," we held that "an appeal from a probation revocation is not the proper avenue for a collateral attack on the underlying conviction." *Id.* at 563. Although *Simmons* involved a probation revocation proceeding, we conclude that *Simmons*' rationale should control; therefore, a supervised

release revocation proceeding similarly is not a proper forum in which to challenge an underlying conviction. *Cf. United States v. Castro-Verdugo*, 750 F.3d 1065, 1068–70 (9th Cir. 2014) (holding that a challenge to the underlying conviction in a probation revocation hearing should be brought under 28 U.S.C. § 2255, relying in part on a supervised release case because 18 U.S.C. § 3583 is "the analogous statute governing parole revocation proceedings").

The decision whether to terminate supervised release is governed by 18 U.S.C. § 3583(e), which provides that the court may modify the conditions of or revoke supervised release "after considering the factors set forth in [18 U.S.C.] section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." The factors "include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002). The validity of the underlying conviction is not one of the factors to be considered.

We confronted a similar issue in *Gross*, where the defendant moved for modification of the terms of his supervised release on the ground that the imposition of the conditions was unlawful. There, we agreed with the district court's conclusion that "under 18 U.S.C. § 3583(e)(2), it had authority to modify these conditions upon consideration of certain statutorily enumerated factors, but not the factor of illegality." *Id.* at 1044. We explained:

> Congress, by enacting the Sentencing Reform Act of 1984, limited the manner in which a defendant may challenge the legality of a

supervised release condition to: (1) direct appeal, (2) § 2255 habeas corpus relief, and (3) within seven days of the district court's decision, Rule 35(c) motion. It would frustrate Congress's intent if this court were to interpret § 3583(e)(2) to authorize a district court to modify or rescind an allegedly illegal condition.

*Id.*

Just as § 3583(e) does not authorize a district court to modify or rescind an allegedly illegal condition, it does not authorize a district court to vacate an allegedly illegal conviction. Instead, the underlying conviction must be collaterally attacked in a proceeding under § 2255, not in a supervised release revocation proceeding. *Cf. Simmons*, 812 F.2d at 563. In so holding, we join every other circuit to have addressed the question. *See, e.g.*, *United States v. Faber*, 950 F.3d 356, 359 (6th Cir. 2020) ("Section 3583(e)(2) allows district courts to adjust supervised release conditions to account for new or unforeseen circumstances. It is not, however, a duplicate path for postconviction review."); *United States v. Sanchez*, 891 F.3d 535, 538 (4th Cir. 2018) ("A supervised release revocation hearing is not a proper forum for testing the validity of an underlying sentence or conviction."); *United States v. Miller*, 557 F.3d 910, 913 (8th Cir. 2009) ("A defendant may challenge the validity of his underlying conviction and sentence through a direct appeal or a habeas corpus proceeding, not through a collateral attack in a supervised-release revocation proceeding."); *United States v. Warren*, 335 F.3d 76, 78 (2d Cir. 2003) ("We join other circuits in holding that the validity of an underlying conviction or sentence may not be

collaterally attacked in a supervised release revocation proceeding and may be challenged only on direct appeal or through a habeas corpus proceeding."); *United States v. Hofierka*, 83 F.3d 357, 363 (11th Cir. 1996) (per curiam) (rejecting the defendant's argument that his underlying conviction was unconstitutional because "a supervised release revocation proceeding is not the proper forum in which to attack the conviction giving rise to the revocation").[2]

Pursuant to the reasoning of *Simmons* and *Gross*, the district court properly denied Cate's motion to terminate supervised release on the ground that a supervised release revocation proceeding was not the proper proceeding in which to challenge his underlying conviction.

## II. Reasonableness of Sentence

Cate contends that the district court committed procedural error by failing to respond to his argument that he was innocent of the underlying federal conviction. He further contends that the sentence was substantively unreasonable because the district court failed to consider the factors set forth in 18 U.S.C. § 3553. Contrary to Cate's arguments, the

---

[2] Cate relies on an unpublished decision from the Fourth Circuit, *United States v. Perry*, 450 F. App'x 313 (4th Cir. 2011), to argue that termination of supervised release was an appropriate remedy here, but *Perry* is distinguishable. *Perry* did not involve a hearing on a motion to terminate supervised release, but a direct appeal of a conviction. The court previously had affirmed the defendant's conviction, but after the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), the court granted his petition for rehearing and reversed his conviction. *Id.* at 314. *Perry* therefore does not support the argument that a supervised release revocation hearing is a proper proceeding in which to challenge the validity of the underlying conviction.

district court did respond to his argument and carefully considered the requisite factors.

The district court addressed Cate's argument that he was innocent of the underlying federal conviction when it stated that, although it was bound by *Valencia-Mendoza*, the court had researched whether this was the proper procedure to attack the validity of the underlying conviction and concluded that it was not. The court explained that, instead, § 2255 was the proper vehicle to collaterally attack his conviction.

The court also considered the requisite factors and explained the reason for the sentence. The court considered the nature and circumstances and history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), discussing the tragedy to the victim's family and Cate's history of violence and alcohol abuse. The court cited the need for the sentence to protect the public from further crimes of the defendant as "the most important thing," stating that Cate was a danger to his family and the community. *Id.* § 3553(a)(2)(C). The court further considered the need to avoid unwarranted sentencing disparities among defendants with similar characteristics. *Id.* § 3553(a)(6). The sentencing court need only "'set forth enough to satisfy the appellate court that [the trial court judge] considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.' . . . '[N]o lengthy explanation is necessary if the record makes it clear that the sentencing judge considered the evidence and arguments.'" *Apodaca*, 641 F.3d at 1081 (first brackets in original) (quoting, first, *Rita*, 551 U.S. at 356, then *United States v. Daniels*, 541 F.3d 915, 922 (9th Cir. 2008)). The sentence imposed by the district court was reasonable.

**CONCLUSION**

The supervised release revocation proceeding was not the proper proceeding in which to challenge Cate's underlying conviction. The district court therefore properly denied Cate's motion to terminate supervised release. The court adequately considered Cate's arguments and the requisite statutory factors in imposing his sentence. The judgment and sentence on revocation of supervised release are

**AFFIRMED**.