**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    22-10252 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-08075-DLR-1 |
| v. | |
| JASON CHRISTIAN BERGER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted May 16, 2023**

Before:    BENNETT, MILLER, and VANDYKE, Circuit Judges.

Jason Christian Berger appeals from the district court's order revoking

supervised release and imposing a 24-month sentence.  Pursuant to *Anders v.

California*, 386 U.S. 738 (1967), Berger's counsel has filed a brief stating that

there are no grounds for relief, along with a motion to withdraw as counsel of

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

record.  Berger has filed a pro se supplemental brief.  No answering brief has been filed.

Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief on direct appeal.  Berger's pro se arguments that his underlying conviction is invalid because he is innocent, and that his former attorneys were ineffective, cannot be raised in these proceedings.  *See United States v. Cate*, 971 F.3d 1054, 1058-59 (9th Cir. 2020) (defendant cannot attack his underlying conviction in a supervised release revocation proceeding); *United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011) (ineffective assistance of counsel claims are generally not considered on direct appeal).  Moreover, the record shows that Berger's supervised release was not revoked for his alleged use of cocaine or for failing to attend drug treatment.  Rather, his supervised release was properly revoked upon his admission that he had failed to appear for mandatory drug tests.

Counsel's motion to withdraw is **GRANTED.**  Berger's pro se requests for relief are **DENIED.**

**AFFIRMED.**