**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10057 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-50253-DLR-1 |
| v. | |
| HOWARD WILLIAM HALVERSON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted April 19, 2023
Phoenix, Arizona

Before: TALLMAN, OWENS, and BADE, Circuit Judges.

Howard Halverson pled guilty to possession of child pornography in the

Southern District of Texas and was sentenced to 60 months' imprisonment and a

lifetime term of supervised release. In order to accommodate his request to transfer

probation supervision to the District of Arizona, Halverson affirmatively consented

to three special conditions of supervised release that are relevant to this appeal: a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Sexually Explicit Materials Condition,[1] a Camera Condition,[2] and a Computer Condition[3] (collectively, "Pre-revocation Conditions"). Respectively, the Pre-revocation Conditions restricted his access, use, and possession of certain "material depicting sexually explicit conduct," devices "capable of capturing and/or storing an image," and computers and other "internet capable devices."

Halverson is a particularly sophisticated offender with a background in computer technology—he has deployed "shielding" devices and other anti-detection techniques that made it harder for officers to effectively supervise his on-line activities. However, vigilant probation officers were eventually able to discover that Halverson was again viewing pornography and was in possession of prohibited devices. The Arizona district court subsequently revoked Halverson's supervised release and sentenced him to time served and a continued lifetime term of supervised release. The district court imposed nearly identical versions of the Pre-revocation

---

[1] "You must not knowingly possess, view, or otherwise use material depicting sexually explicit conduct as defined by 18 U.S.C. § 2256(2). . . . You must not enter any location where the primary function is to provide these prohibited materials."

[2] "You must not possess any device capable of capturing and/or storing an image, or video recording device without the prior written permission of the probation officer."

[3] "You must not possess or use a computer (including internet capable devices) with access to any 'on-line computer service' at any location (including place of employment) without the prior written permission of the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private network or e-mail system."

Conditions along with two additional conditions preventing him from accessing social media sites and requiring him to submit to substance abuse testing.

Halverson appeals the revocation of his supervised release, now arguing for the first time that the Pre-revocation Conditions were unconstitutional. Halverson also appeals the district court's decision to reimpose those same conditions and to impose the new social media and substance abuse conditions. We affirm in part and remand in part.

1. The parties dispute whether Halverson was permitted to collaterally challenge the legality of his Pre-revocation Conditions at his revocation hearing and whether he may challenge them in this appeal. Our cases suggest several competing answers. For example, some cases indicate that defendants need not challenge the legality of their conditions of supervised release in a direct appeal from sentencing in order to challenge those conditions at a future revocation hearing—and that doing so might even be premature. *See, e.g.*, *United States v. Romero*, 676 F.2d 406, 407 (9th Cir. 1982); *United States v. King*, 608 F.3d 1122, 1128 (9th Cir. 2010); *United States v. Antelope*, 395 F.3d 1128, 1131-32, 1141 (9th Cir. 2005); *United States v. T.M.*, 330 F.3d 1235, 1241 n.6 (9th Cir. 2003); *United States v. Ray*, No. 21-50024, 2022 WL 1451392, at *2 (9th Cir. May 9, 2022) (unpublished), *cert. denied*, 143 S. Ct. 265 (2022); *United States v. Star*, 552 F. App'x 635, 636 (9th Cir. 2014) (unpublished). Another line of cases suggests that a defendant's failure to object to

supervised release conditions at sentencing constitutes forfeiture and we therefore review only for plain error. *See United States v. Phillips*, 704 F.3d 754, 767-68, 768 n.13 (9th Cir. 2012); *United States v. Wright*, 754 F. App'x 530, 532 (9th Cir. 2018) (unpublished). A third line of cases indicates that defendants may be statutorily barred from challenging the legality of their conditions of supervised release at a subsequent revocation hearing. *See United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002); *United States v. Cate*, 971 F.3d 1054, 1056-58 (9th Cir. 2020); *United States v. Castro-Verdugo*, 750 F.3d 1065, 1068-71 (9th Cir. 2014).

Ultimately, we need not resolve this split of authority because Halverson's challenge fails even if we assume that he preserved the issues in this appeal and that he is not barred from asserting them.

2. The district court properly rejected Halverson's facial and as-applied vagueness and overbreadth challenges to his Pre-revocation Conditions because Halverson had actual notice from an earlier home visit by probation officers that his conduct was clearly and legitimately proscribed by those conditions. The "core" of the challenged conditions prohibited Halverson from viewing pornography and from possessing cameras, electronic storage drives, and computers as those terms are ordinarily understood. *See United States v. Sandsness*, 988 F.2d 970, 971 (9th Cir. 1993) (explaining vague statutes lack a "core" of clearly prohibited conduct). Probation officers had initially reviewed those conditions with Halverson when he

4

was released from federal prison. After probation officers discovered Halverson was viewing pornography and was in possession of hard drives and cameras, rather than file a petition to revoke his supervision, they explicitly warned Halverson that his conduct violated the terms of his supervised release. *See King*, 608 F.3d at 1128 ("A probation officer's instructions are relevant to whether a supervised release condition gives fair warning of prohibited conduct.").

Despite "actual notice" that his conduct was clearly prohibited, *United States v. Backlund*, 689 F.3d 986, 997 (9th Cir. 2012), Halverson nonetheless ignored the warnings, and a subsequent search of his home uncovered 23 unauthorized devices—including computers and internet-capable devices, hard drives, and cameras. Moreover, Halverson understood that his conduct was prohibited because he utilized his background in computer technology to employ sophisticated hardware and software designed to obscure that surreptitious conduct from law enforcement monitoring.

On this record, Halverson's "behavior rendered him a hard-core violator as to whom the [conditions were] not vague," and he may not escape responsibility by speculating that the conditions might have been unconstitutional as applied to hypothetical conduct not before us. *Smith v. Goguen*, 415 U.S. 566, 577 (1974); *see also Kashem v. Barr*, 941 F.3d 358, 375 (9th Cir. 2019) (detailing the general rule that a "plaintiff who engages in some conduct that is clearly proscribed cannot

5

complain of the vagueness of the law as applied to the conduct of others" (citation omitted)).

3. The district court also properly rejected Halverson's First Amendment challenge to the Sexually Explicit Materials Condition. Halverson primarily relies on *United States v. Gnirke*, 775 F.3d 1155 (9th Cir. 2015), where we held that a similar condition deprived the defendant of more liberty than was reasonably necessary. *Id.* at 1163. As the district court properly observed, however, the *Gnirke* court declined to remand the case and held the condition was valid so long as it was limited "(1) to any materials with depictions of 'sexually explicit conduct' involving children, as defined by 18 U.S.C. § 2256(2), and (2) to any materials with depictions of 'sexually explicit conduct' involving adults, defined as explicit sexually stimulating depictions of adult sexual conduct that are deemed inappropriate by [the] probation officer." *Id.* at 1166. Here, the district court specifically cited the *Gnirke* opinion and explained that it would apply the same limiting construction. *See United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015) ("When there is a discrepancy between an unambiguous oral pronouncement of a sentence and the written judgment, the oral pronouncement controls." (citation omitted)). The district court then reasonably concluded that Halverson's possession and consumption of depictions of adult pornography, bestiality, and child erotica "fits squarely" within the condition as construed. We agree.

4. For similar reasons, the district court did not abuse its discretion by reimposing nearly identical conditions. Nor did it err by imposing a new condition that prohibits Halverson from accessing social media sites. *See United States v. Wells*, 29 F.4th 580, 591 (9th Cir. 2022) (affirming a total ban on internet use without probation officer approval where the defendant used the internet to access child pornography). The district court heard extensive testimony at the revocation hearing regarding Halverson's background in computer technology and how he utilized a sophisticated combination of software and hardware in an attempt to hide his prohibited conduct from probation officers. On this record, we hold that the district court did not abuse its discretion in restricting Halverson's access to sexually explicit materials, certain electronic devices, and social media sites.

5. The parties agree that the district court mistakenly included a condition requiring Halverson to submit to substance abuse testing. We therefore grant the parties' request for a limited remand.[4]

**AFFIRMED IN PART; REMANDED IN PART.**

---

[4] On remand, the district court may also wish to impose an updated computer condition as suggested by the government in its briefing.