NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br> v.<br><br>JUAN LUIS SEPULVEDA-MARTINEZ,<br>AKA Oscar Hernandez-Espinoza, AKA Juan<br>Luis Sepulveda Martinez,<br><br>    Defendant-Appellant. | No. 22-10065<br><br>D.C. No.<br>4:16-cr-01284-CKJ-LCK-1<br><br>MEMORANDUM[*] |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br> v.<br><br>JUAN LUIS SEPULVEDA-MARTINEZ,<br><br>    Defendant-Appellant. | No. 22-10071<br><br>D.C. No.<br>4:21-cr-02066-CKJ-LCK-1 |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted April 4, 2024[**]

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision

Phoenix, Arizona

Before: CLIFTON, BYBEE, and BADE, Circuit Judges.

Juan Luis Sepulveda-Martinez, a native and citizen of Mexico, was convicted of violating 8 U.S.C. § 1326(a), Reentry of Removed Aliens, with sentencing enhancements pursuant to 8 U.S.C. § 1326(b)(1). At the time of that violation, he was on supervised release following a prior conviction for the same offense, and the district court granted a petition to revoke that prior term of supervised release. He was sentenced to consecutive terms of 40 months and 18 months for the conviction and revocation, respectively, resulting in a total term of 58 months. His appeals from the two judgments have been consolidated.

Sepulveda-Martinez challenges the Sentencing Guideline for Unlawfully Entering or Remaining in the United States, U.S.S.G. § 2L1.2, as a violation of equal protection and due process, arguing that it can only be applied to non-citizens and therefore treats non-citizens qualitatively differently from citizens. He also asserts for the first time on appeal that the district court committed plain error by imposing consecutive terms and argues that his sentence is substantively unreasonable.

We review the constitutionality of a Sentencing Guideline de novo. *United States v. Carson*, 988 F.2d 80, 82 (9th Cir. 1993) (per curiam). When alleged errors

without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

were not raised below, we review for plain error. *United States v. Blinkinsop*, 606 F.3d 1110, 1114 (9th Cir. 2010). In reviewing a district court's sentence for reasonableness, we assess whether the district court abused its discretion. *United States v. Cate*, 971 F.3d 1054, 1057 (9th Cir. 2020). We have jurisdiction to review the district court's judgments under 28 U.S.C. § 1291, and we affirm.

1.      Sepulveda-Martinez's constitutional challenges to the sentencing guidelines are foreclosed by our precedents. In *United States v. Ruiz-Chairez*, 493 F.3d 1089, 1092 (9th Cir. 2007), we held that the relevant guideline, § 2L1.2(b)(1)(A), did not violate equal protection because it bore a rational relationship to a legitimate government purpose. Sepulveda-Martinez argues that a different standard, heightened scrutiny, should apply. That does not permit us to ignore the precedent, but even if we were to apply that standard, his challenge would still fail. We held in *United States v. Carrillo-Lopez*, 68 F.4th 1133, 1154 (9th Cir. 2023), that 8 U.S.C. § 1326 did not violate equal protection as there was no racial animus behind its passage. Sepulveda-Martinez does not offer any persuasive evidence showing that the guideline enhancements related to § 1326 were enacted with a discriminatory intent or purpose. Thus, his equal protection challenge fails. Sepulveda-Martinze's due process challenge also fails. *See United States v. Fine*, 975 F.2d 596, 604 (9th Cir. 1992) (en banc) (holding that in the sentencing context, due process challenges are largely duplicative of equal

3

protection challenges).

2.    The district court did not commit plain error by imposing consecutive sentences and did not impose a sentence that was substantively unreasonable. The Sentencing Commission's commentary on U.S.S.G. § 7B1.3(f) recommends "that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation." Moreover, the district court referenced relevant factors in imposing the sentences, including "additional deterrence" and "public protection[.]" *See* 18 U.S.C. § 3553(a). Finally, in *United States v. Carty*, 520 F.3d 984, 988 (9th Cir. 2008) (en banc), we "recognize[d] that a correctly calculated Guidelines sentence will normally not be found unreasonable on appeal." Sepulveda-Martinez's combined terms added up to 58 months, and that duration falls within the acknowledged Guideline range of 51 to 63 months for the recent conviction by itself. The sentences did not constitute an abuse of discretion.

**AFFIRMED.**