NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 24 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHNNY LEE MARTINEZ, AKA Buck
Martinez, AKA Jesus Martinez, AKA
Buckey,

Defendant - Appellant.

No. 23-1569

D.C. No.
1:14-cr-00199-BLW-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted June 4, 2024
Portland, Oregon

Before: RAWLINSON, FORREST, and SUNG, Circuit Judges.

Johnny Lee Martinez (Martinez) appeals the district court's denial of his

motion for new counsel, and the district court's imposition, after revoking

Martinez's supervised release, of a statutory maximum custodial sentence and an

additional term of supervised release. Martinez asserts that the district court

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

constructively denied his right to counsel because it did not sufficiently consider his conflict with appointed counsel. Martinez also asserts that his sentence and the district court's imposition of an additional term of supervised release were procedurally and substantively unreasonable. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm the district court's denial of Martinez's motion for appointment of new counsel, the district court's sentence, and the district court's imposition of one year of supervised release.

**1.** "This court reviews the denial of a motion for substitute counsel for an abuse of discretion and considers: (1) the timeliness of the motion; (2) the adequacy of the district court's inquiry; and (3) whether the asserted conflict was so great as to result in a complete breakdown in communication and a consequent inability to present a defense. . . ." *United States v. Ceja*, 23 F.4th 1218, 1225 (9th Cir. 2022) (citation and internal quotation marks omitted). During the proceedings, Martinez's counsel conveyed that Martinez "just . . . want[ed] another attorney," and did not otherwise indicate that there was a conflict with Martinez. In response to the district court's inquiry, Martinez explained that he was "not being represented like [he] should be" due to a "lack of communication" and the continued imposition of supervised release terms. The district court sufficiently posed "questions aimed at understanding the core of the issues between" Martinez and his counsel, and the record does not reflect a "conflict . . . so great as to result

in a complete breakdown in communication and a consequent inability to present a defense." *See id.* (citations omitted). As a result, the district court did not abuse its discretion in denying Martinez's motion for new counsel. *See id.*

**2.** The district court did not procedurally err in imposing the two-year sentence of incarceration and an additional term of supervised release. "[A]t a revocation sentencing, a court may appropriately sanction a violator for his breach of trust, but may not punish him for the criminal conduct underlying the revocation." *United States v. Hammons*, 558 F.3d 1100, 1104 (9th Cir. 2009) (citations and internal quotation marks omitted). Although the district court remarked that one option was to "make it more painful" so that Martinez would comply with the terms of supervised release, the record does not reflect that the district court imposed the revocation sentence as punishment. The district court reduced the recommended two-year term of supervised release to one year to afford Martinez an opportunity to successfully complete the drug treatment requirements and other terms of supervised release.

**3.** The district court committed no substantive error in imposing a statutory maximum sentence and an additional term of supervised release. "We review the substantive reasonableness of a sentence imposed by the district court under an abuse-of-discretion standard, and will provide relief only in rare cases. . . ." *United States v. Wilson*, 8 F.4th 970, 977 (9th Cir. 2021) (citations and internal quotation

23-1569

marks omitted).  Based on Martinez's numerous violations of supervised release and the probation officer's recommendation, the district court's imposition of a statutory maximum sentence and an additional supervised release term was not "illogical, implausible, or without support in inferences that may be drawn from the facts in the record."  *Id.* at 978 (citation omitted).

**4.**  Contrary to Martinez's assertions, the district court sufficiently explained its sentence and the need for an additional term of supervised release.  "The sentencing court need only set forth enough to satisfy the appellate court that the trial court judge considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.  No lengthy explanation is necessary if the record makes it clear that the sentencing judge considered the evidence and arguments. . . ."  *United States v. Cate*, 971 F.3d 1054, 1059 (9th Cir. 2020) (citation, alterations, and internal quotation marks omitted).  The district court agreed with the government's recommendation in part because Martinez had not made an effort to comply with his supervised release conditions, and the court reduced the recommended term of supervised release in an effort to assist Martinez in complying with those conditions.  The district court, therefore, sufficiently considered Martinez's contentions and provided "a reasoned basis for exercising his own legal decisionmaking authority."  *Id.* (citation omitted).

**AFFIRMED.**