NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 6 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RENE ROBERT RUIZ,

Defendant - Appellant.

No. 24-463

D.C. No.
3:21-cr-02911-GPC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted December 4, 2024[**]
Pasadena, California

Before: GOULD, CLIFTON, and SANCHEZ, Circuit Judges.

Rene Robert Ruiz ("Ruiz") appeals the 64-month custodial sentence he

received for his convictions under 18 U.S.C. §§ 111(a)(1), (b) and application of a

two-level enhancement for obstruction of justice under United States Sentencing

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Guidelines ("U.S.S.G.") § 3C1.1. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

1. Ruiz argues that the district court erred in applying an obstruction of justice sentencing enhancement based on his trial testimony. "[I]f a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition we have set out." *United States v. Dunnigan,* 507 U.S. 87, 95 (1993). "For perjury to be deemed obstruction, the district court must find that: '(1) the defendant gave false testimony, (2) on a material matter, (3) with willful intent.'" *United States v. Castro-Ponce*, 770 F.3d 819, 822 (9th Cir. 2014) (quoting *United States v. Garro,* 517 F.3d 1163, 1171 (9th Cir. 2008)). We review the district court's factual findings for purposes of an obstruction of justice sentencing enhancement under U.S.S.G. § 3C1.1 for clear error. *Id.* at 821. We review the district court's characterization of a defendant's conduct as an obstruction of justice within the meaning of § 3C1.1 de novo. *Id.* at 822.

On remand from our prior appeal in this matter,[1] the district court expressly found that Ruiz's trial testimony denying that he intentionally punched Officer

---

[1] *United States v. Ruiz*, No. 22-50175, 2023 WL 6999439 (9th Cir. Oct. 24, 2023).

Giovanni Hernandez ("Hernandez") was false, material, and willful. Ruiz contends that the district court erred in finding that he willfully obstructed justice based on the "simple fact" that his testimony conflicted with the testimony of the three officers. That Ruiz's testimony conflicts with other witnesses does not establish that the district court's factual findings are clearly erroneous. The district court expressly found that each officer's testimony was credible and found Ruiz's testimony "demonstrably false." "This court gives special deference to the district court's credibility determinations." *United States v. Nelson*, 137 F.3d 1094, 1110 (9th Cir. 1998).

Ruiz further contends that his testimony was "ambiguous," and so it cannot support an obstruction enhancement. But Ruiz unequivocally answered "no" when asked if he intentionally punched Officer Hernandez. Moreover, the surveillance video of the incident shows Ruiz moving toward Officer Hernandez, which is consistent with the district court's factual findings. Given ample support in the record for the district court's findings of fact, we hold that the district court's factual findings were not clearly erroneous, and its application of an obstruction enhancement was correct as a matter of law.

2. Ruiz also challenges his below-Guidelines sentence of 64 months' imprisonment as substantively unreasonable. "When reviewing a sentence for reasonableness, we merely ask whether the trial court abused its discretion."

3

*United States v. Cate*, 971 F.3d 1054, 1057 (9th Cir. 2020) (internal quotation marks and citations omitted).  "In determining substantive reasonableness, we are to consider the totality of the circumstances, including the degree of variance for a sentence imposed outside the Guidelines range." *United States v. Carty,* 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (citation omitted).  This court affords "significant deference" to the district court's sentencing decision and "will provide relief only in rare cases." *United States v. Ressam*, 679 F.3d 1069, 1086, 1088 (9th Cir. 2012) (en banc).

Ruiz contends that his sentence was unreasonable because the district court did not consider his "history and characteristics" and the seriousness of the offense. We disagree.  The district court carefully considered the specific facts of Ruiz's case and explained why its below-Guidelines sentence was consistent with the facts.  At the resentencing, the district court commented on Ruiz's propensity for violence, including his time as a gang member, his domestic violence incidents, and other reported events.  At the same time, the district court noted that Ruiz made some efforts at self-improvement while in custody following his first sentencing and acknowledged Ruiz's age, academic background, disability, and overcoming of past substance abuse issues.  Taking into account the totality of the circumstances, the district court imposed a below-Guidelines sentence of 64 months' imprisonment, which was substantively reasonable.  *United States v.*

24-463

*Bendtzen*, 542 F.3d 722, 729 (9th Cir. 2008) ("Because a Guidelines sentence will usually be reasonable, [appellant]'s below-Guidelines sentence, supported by the district court's specific reasoning, is reasonable." (internal quotation marks and citations omitted)).

**AFFIRMED.**